Pamela Fay Woodman, a Minor, by Her Father and Next Friend, Thomas C. Woodman, Plaintiffs-Appellants, v. Litchfield Community School District No. 12, Montgomery County, Illinois, Defendant-Appellee.

Gen. No. 67–69.

Fifth District.

November 20, 1968.

Meyer and Meyer, of Belleville (Delmer R. Mitchell, Jr., of counsel), for appellants.

Denby & Dobbs, of Carlinville (Stuart Dobbs, of counsel), for appellee.

EBERSPACHER, P. J.

Plaintiff caused her complaint to be filed alleging that she was a child of eight years of age, and a second grade student in a school operated by defendant School District on March 1, 1966; that she was kicked in the head by a fellow student while she was performing the task of picking up papers off the floor of her classroom at the request of the teacher; that at the time of the injury the class was in session and the teacher permitted other students to move about the room in a disorderly fashion in the area where plaintiff was located; that plaintiff was severely and permanently injured when she was, while thus engaged, kicked in the head. The complaint alleges the teacher's employment and charges the teacher as agent of defendant with numerous acts or omissions of carelessness and negligence in supervision of the pupils in the classroom, as proximate cause of the alleged injury.

The defendant School District filed a motion to strike the complaint and dismiss the action, based on the 1965, Local Governmental and Governmental Employees Tort Immunity Act (c 85, § 1–101 et seq., Ill Rev Stats 1965) and particularly on § 3–108(a) of the Act, the pertinent part of which is:

> "Except as otherwise provided by this Act . . . neither a local public entity nor a public employee is liable for an injury caused by a failure to supervise an activity on or the use of any public property."

The trial court granted the motion to strike and granted plaintiff 30 days to amend. Plaintiff elected to stand on the complaint, and the court dismissed the cause of action, from which order plaintiff has appealed.

■ We find no reported cases interpreting the Employees Tort Immunity Act, supra, although excellent

commentaries have been published since its enactment.[1] Plaintiff contends that the sections of the Act under Article III deal exclusively with property conditions or use of public property and since the injury did not arise out of any alleged condition or use of school property, but only as a result of negligent conduct on that site to which the physical condition of the property or its use were insignificant, that section 3–108(a) is not applicable. It is noted that legislative enactment [2] does include the heading of Article III "Immunity from Liability for Injury Occurring in the Use of Public Property," but consider this to be of such latitude that it does not indicate that section 3–108(a) is not applicable to these alleged facts. That section specifically covers "an activity" on public property. A strict construction, which is required, in view of the common-law position of Illinois in matters regarding governmental immunity, and the Act being in derogation of that common-law position, does not limit the application of 3–108(a) to those situations in which there are injuries arising from a defective condition or from the use of the public property. That section says a failure to supervise an activity on public property does not impose liability upon this defendant, unless another section of the Act specifically created a duty to supervise a particular type or category of activity. Activities which occur in a classroom are not within the category or categories of activities "otherwise provided by this act."

Plaintiff suggests in the alternative, that the immunity for failure to supervise activity on public property, should

[1] "Tort Liability of Local Governments and Their Employees: An Introduction to the Illinois Immunity Act" by David C. Baum, 1966 Law Forum 981 (Winter #4); "Local Governmental Tort Immunity and Liability in Illinois" by James O. Latturner, 55 Ill Bar J 28 (Sept 1966); "Illinois Tort Claims Act: A New Approach to Municipal Tort Immunity in Illinois," 61 NWL Rev 265 (1966).

[2] Laws of Illinois, 74th Gen Assembly 1965 (Session Laws) p 2987.

not be extended to cases where a public entity has undertaken to provide some supervision but the amount of supervision is inadequate or the supervision is negligently carried on. Prof. Baum [3] suggests this theory which is based on the insufficient light and failure of maintenance of traffic signal cases.[4]

Section 2–109 of the Act provides:

"A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable."

At the time the Tort Immunity Act went into effect there was in effect, as a result of enactment also in the 1965 session of the General Assembly an Amendment to the School Code (c 122, Ill Rev Stats 1965) which granted the right and imposed an obligation on teachers to maintain discipline in the schools and gave teachers the status of parents and guardians to the pupils. The pertinent part of that amendment is:

"Teachers . . . shall maintain discipline in the schools. In all matters relating to the discipline in and conduct of the schools and school children, they stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians. . . ." (§ 24–24, c 122, Ill Rev Stats 1965.)

This statutory enactment would protect a teacher from liability for mere negligence in supervision or maintain-

---

[3] In his commentary listed in footnote 1 at page 1018–19.

[4] City of Chicago v. Powers, 42 Ill 169 (1866) (City liable for insufficient lighting of bridge) and Johnson v. City of East Moline, 405 Ill 460, 91 NE2d 401 (1950), city liable for negligent failure to maintain traffic signal in working operation.

ing discipline because of the status conferred; that of a parent or guardian in relation to all the pupils in the classroom. No liability would attach to a parent or one having the relation of parent absent an event constituting willful or wanton conduct. Nudd v. Matsoukas, 7 Ill2d 608, 131 NE2d 525; Mroczynski v. McGrath, 34 Ill2d 451, 216 NE2d 137. No such event is alleged in the complaint, nor is any event in the complaint so characterized.

■ The duty upon the teacher to maintain discipline, which would include the supervision of the movement of children in the classroom, is provided by section 24–24 of the School Code. Section 2–202 of the Tort Immunity Act provides:

> "A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton negligence."

We cannot say that there was here alleged such act or omission in the maintenance of discipline, including the supervision of the movement of the children in the classroom, that would constitute willful and wanton negligence.

We, therefore, affirm the judgment of the Circuit Court of Montgomery County.

Judgment affirmed.

MORAN and GOLDENHERSH, JJ., concur.