GEORGIA CLAY, a Minor, by BERTHA JAMES, Her Mother and Next Friend, Plaintiff-Appellant, *v.* THE CHICAGO BOARD OF EDUCATION *et al.*, Defendants-Appellees.

(No. 59621;

First District (5th Division)—September 13, 1974.

Martin Fertel and Gordon, Brustin & Schaefer, Ltd., both of Chicago (Michael W. Schaefer, of counsel), for appellant.

Glazer & Cohan, Ltd., of Chicago (Frank Glazer, of counsel), for appellees.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This case involves a personal injury action for damages arising when David Reed [1] allegedly struck plaintiff, a fellow student, while in a classroom of the Chicago Board of Education (hereafter defendant). Plaintiff appeals from an order of the trial court holding that plaintiff's second amended complaint be dismissed with prejudice as against defendant.

Count I of plaintiff's second amended complaint alleged that on March 6, 1972, plaintiff was a minor, 11 years old, and was in the sixth grade at defendant's elementary school; that defendant had supervision and control of the school; that a Miss Wood was plaintiff's teacher, was an employee of defendant and was acting within the course and scope of her employment; that on March 6, 1972, David Reed was a fellow classmate of plaintiff in defendant's school; and that on that day David Reed struck plaintiff in the face and right eye without provocation causing injury to plaintiff. Plaintiff further alleged that defendant was guilty of one or more of the following wilful and wanton acts or omissions:

"a. failed to exercise that degree of supervision commensurate with the facts and circumstances then in existence;

b. caused or permitted their teacher and employee, Miss Wood to leave said classroom unattended, when she knew or should have known that injury to the plaintiff and others would occur;

c. failed to provide adequate protection for the students in the classroom;

d. permitted dangerous instrumentalities to be left near or in the hands of minor children so that as a direct and proximate result, thereof, plaintiff was injured;

e. caused or permitted injury to plaintiff to occur;

f. permitted or allowed the minor defendant, David Reed, to repeatedly strike plaintiff, although they knew or should have known that said minor defendant, David Reed, was involved in similar occurrences with other students on several other occasions."

On appeal plaintiff argues that (1) the second amended complaint ade-

---

[1] David Reed was made a defendant in Counts II and III of the second amended complaint but is not involved in the instant appeal which comes to us after a finding of "no just reason to delay enforcement or appeal of this order."

quately stated a cause of action, and (2) defendant's motion to dismiss did not set forth specific grounds for the relief requested.

OPINION

■■ Plaintiff contends that she has stated facts sufficient to allege a cause of action in wilful and wanton negligence[2] against defendant. A motion to dismiss admits all facts properly pleaded in the complaint. (*Acorn Auto Driving School, Inc., v. Board of Education*, 27 Ill.2d 93, 187 N.E.2d 722.) From the complaint the relevant facts as alleged and taken as true are that plaintiff and David Reed were fellow students at defendant's elementary school; that David Reed acting without provocation struck plaintiff in the face causing injuries; that Miss Wood, plaintiff's teacher, was absent from the classroom when these events took place; and that defendant knew or should have known of David Reed's propensities for such violence. Although plaintiff has alleged that defendant permitted a dangerous instrumentality to be left near or in the hands of minor children, nowhere in the complaint is it stated just what this instrumentality was.[3]

■■ "A complaint should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proved under the pleadings which would entitle the plaintiff to relief." (*Courtney v. Board of Education*, 6 Ill.App.3d 424, 425, 286 N.E.2d 25.) In order to state a cause of action for wilful and wanton negligence, facts must be alleged from which the law would raise a duty and a showing that the omission of such duty resulted in injury. The mere conclusory allegation of wilful and wanton negligence is not sufficient. (*Ingram v. New York Central R.R. Co.*, 30 Ill.App.2d 455, 175 N.E.2d 129.) The definition of wilful and wanton negligence, which has been repeatedly cited by courts of this state, was enunciated in *Schneiderman v. Interstate Transit Lines, Inc.*, 394 Ill. 569, 583, 69 N.E.2d 293, as:

> "A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to pre-

---

[2] We note that defendant would be immune from suit if mere negligence was alleged. (*Woodman v. Litchfield Community School District No. 12*, 102 Ill.App.2d 330, 242 N.E.2d 780; *Fustin v. Board of Education*, 101 Ill.App.2d 113, 242 N.E.2d 308.)

[3] In plaintiff's brief on appeal she has argued that this dangerous instrumentality was a yardstick. Even if we were to reach this point, it is our conclusion that a yardstick in a school classroom cannot be considered an inherently dangerous instrumentality. *Maramba v. Neuman*, 82 Ill.App.2d 95, 227 N.E.2d 80; *Donehue v. Duvall*, 41 Ill.2d 377, 243 N.E.2d 222.

vent it or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care."

■■ As mentioned above, unless plaintiff can show a breach of some duty owed to her by defendant, there can be no recovery in tort. (*Boyd v. Racine Currency Exchange, Inc.,* 56 Ill.2d 95, 306 N.E.2d 39.) In *Boyd* the court, noting that foreseeability alone does not result in the imposition of a duty, quoted from *Lance v. Senior,* 36 Ill.2d 516, 224 N.E.2d 231, that "[t]he likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing the burden upon the defendant, must also be taken into account."

Several cases included in defendant's motion to dismiss have particular relevance to the instant situation. In *Woodman v. Litchfield Community School District No. 12,* 102 Ill.App.2d 330, 334, 242 N.E.2d 780, plaintiff, a second grade student in one of defendant's schools, alleged she was kicked in the head by a fellow student. It was also alleged that at the time of the injury the class was in session, and that the teacher permitted other students to move about the classroom in a disorderly fashion. The court, basing its decision on the Local Government and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1965, ch. 85, pars. 1—101 *et seq.*) and on section 24—24 of the School Code (Ill. Rev. Stat. 1965, ch. 122, par. 24—24), held that defendant could not be liable for mere negligence in a teacher's supervision. The court then went on to recognize that defendant could be liable under a theory of wilful and wanton negligence but held "[w]e cannot say that there was here alleged such act or omission in the maintenance of discipline, including the supervision of the movement of the children in the classroom, that would constitute willful or wanton negligence."

In *Mancha v. Field Museum of Natural History,* 5 Ill.App.3d 699, 702, 283 N.E.2d 899, plaintiff, while on a field trip to the museum, was attacked and injured by several youths not connected with the school. His class had been allowed to divide into smaller groups and to view the exhibits without supervision. Plaintiff alleged that the school district was negligent in permitting the students to leave the school premises without adequate supervision. The court, without relying on the immunity statutes, found that no duty had been breached, and stated in part:

> "The burden sought to be imposed on the defendant School District and teachers is a heavy one which would require constant surveillance of the children. A baseball game, a football game or a game of hopscotch played on school grounds might break up a fight resulting in serious injury to one or more of the children. *A teacher cannot be required to watch the students at all times*

*while in school,* on the grounds, or engaged in school-related activity." (Emphasis supplied.)

The court in *Mancha* then went on to discuss the immunity statutes and the still existing liability under a wilful and wanton negligence theory. It then concluded that the above state of facts failed to allege wilful and wanton negligence.

Finally, defendant refers this court to the New York case of *Bertola v. Board of Education,* 1 App. Div. 2d 973, 150 N.Y.S.2d 831. That court, when presented with a factual situation identical to the instant case, found that "the need for closer supervision could not reasonably have been apprehended."

■■ Viewing the reasoning of the above cited cases, and weighing the tremendous burdens that would be imposed by a different decision, we hold that the trial court was correct in its decision that a cause of action for wilful and wanton negligence was not stated against defendant and that defendant's motion to dismiss adequately presented its claim that wilful and wanton negligence was not properly shown by the facts stated. Therefore, the judgment is affirmed.

Affirmed.

BARRETT and LORENZ, JJ., concur.