JACQUELINE BOOKER, a Minor, by Margaret Booker, her Mother and Next Friend, Plaintiff-Appellant, *v.* CHICAGO BOARD OF EDUCATION, Defendant-Appellee.

First District (3rd Division)    No. 76-1572

Opinion filed August 1, 1979.—Rehearing denied September 25, 1979.

SIMON, P. J., dissenting.

Alan D. Katz and Chase and Werner, both of Chicago, for appellant.

Frank Glazer, Ltd., of Chicago, for appellee.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:
The plaintiff appeals from two orders of the Circuit Court of Cook County dismissing her fourth amended complaint. On September 11, 1975, the plaintiff, Jacqueline Booker, a minor, filed her fourth amended complaint at law against the defendant Chicago Board of Education. The subject matter of the lawsuit is an incident that occurred at the James R.

Doolittle Elementary School in Chicago, Illinois, on September 23, 1971, at which time the plaintiff was 10 years of age.

The plaintiff's fourth amended complaint alleged that she was a transfer student; that several of her classmates had threatened her with physical harm unless she made payments of money to them, and that her teacher was advised of these threats and the identity of the leader was made known to the teacher. On September 23, 1971, the teacher accompanied her class to the bathroom. The teacher remained in the hallway adjacent to the bathroom while the students, including the plaintiff, entered the bathroom. The teacher appointed as monitor the student the plaintiff had named as the leader of the classmates who had threatened her. While the plaintiff was inside the bathroom, she was physically assaulted by a group of her classmates.

Count I of the complaint alleged that the defendant, the Chicago Board of Education, operating by and through its agents, the teacher and the leader of the classmates, was liable for the injuries sustained by the plaintiff as a result of its wilful and wanton conduct.

Count II of the complaint alleged that the defendant was liable for the injuries sustained by the plaintiff as a result of its negligence.

Count III is identical to count I, and count IV is identical to count II, except for the additional paragraph 9 which stated, "That there was in full force and effect at the time of the occurrence a certain policy of insurance covering the defendant and occurrence alleged in this Count of the Complaint."

The defendant filed a motion to dismiss the plaintiff's complaint for failing to allege a cause of action. The defendant claimed that count I did not state a cause of action for wilful, wanton and reckless conduct pursuant to *Clay v. Chicago Board of Education* (1974), 22 Ill. App. 3d 437, 318 N.E.2d 153. Concerning count II's allegations of negligence, the defendant asserted that pursuant to section 34—84a of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 34—84a), the defendant stands in the position of *loco parentis* and is not responsible for acts of ordinary negligence. In addition, the defendant stated that counts III and IV were redundant and mere repetitions of counts I and II.

On October 21, 1975, the circuit court dismissed counts I and III of the plaintiff's complaint. On May 28, 1976, the court dismissed counts II and IV on the basis of *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705.

The issues presented for review are (1) whether the complaint stated a cause of action based upon negligence, and (2) whether the complaint stated a cause of action based upon wilful and wanton conduct.

█ The Civil Practice Act provides that pleadings are to be liberally construed with a view to doing substantial justice between the parties. (Ill.

Rev. Stat. 1975, ch. 110, par. 33.) A motion to dismiss a complaint for failure to state a cause of action admits, for the purpose of ruling thereon, all facts properly pleaded. *Acorn Auto Driving School, Inc. v. Board of Education* (1963), 27 Ill. 2d 93, 187 N.E.2d 722; *Englehardt v. Triple X Chemical Laboratories, Inc.* (1977), 53 Ill. App. 3d 926, 369 N.E.2d 67.

■■ The plaintiff maintains that counts II and IV state a cause of action for negligence. However, sections 24—24 and 34—84a of the Illinois School Code provide in part:

> "Teachers and other certificated educational employees shall maintain discipline in the schools, including school grounds which are owned or leased by the board and used for school purposes and activities. In all matters relating to the discipline in and conduct of the schools and the school children, they stand in the relation of parents and guardians to the pupils. * * *" (Ill. Rev. Stat. 1975, ch. 122, pars. 24—24, and 34—84a.)

This provision confers upon educators the status of parent or guardian to the students. (*Kobylanski.*) Because the doctrine of parental immunity precludes a child from suing his parents for injuries absent wilful and wanton misconduct (*Mroczynski v. McGrath* (1966), 34 Ill. 2d 451, 216 N.E.2d 137; *Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 131 N.E.2d 525), teachers and other certified educational employees are immune from suits for negligence arising out of matters relating to the discipline in and conduct of the schools and the school children. (*Kobylanski.*) In *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323, the court explained the policy considerations of this grant of immunity:

> "The statutory provisions in question [sections 24—24 and 34—84a of the school code] reflect a legislative determination that the orderly conduct of the schools and the maintenance of a sound learning atmosphere require that there be a personal relationship between teacher and student in which the teacher has disciplinary and supervisory authority similar to that which exists between parent and child. It is evident that this relationship would be seriously jeopardized if teachers and school districts were amenable to ordinary negligence actions for accidents occurring in the course of the exercise of such authority." 71 Ill. 2d 47, 51.

■ The plaintiff argues that the statutory grant of immunity is inapplicable to this suit because the negligent action, the appointment as monitor of the leader of the classmates who threatened the plaintiff, does not involve disciplinary or supervisory activities. We disagree with the plaintiff's characterization of the teacher's actions and believe her actions most definitely pertain to her supervisory responsibilities. The plaintiff recognized this fact also in her complaint which alleges that the teacher "failed to prevent," "failed to protect," and "permitted and allowed the

plaintiff to enter an area out of sight." Pursuant to the holding in *Kobylanski*, the teacher and school board are, therefore, immune from suit.

The plaintiff also asserts that the teacher appointed the monitor as her agent and servant. The school code refers specifically to "teachers and other certificated employees" standing in the relation of parents and guardians. Therefore, the plaintiff contends that the monitor, a noncertified employee, is not immune from suit for her acts of negligence. The plaintiff concluded that under the doctrine of respondeat superior, the defendant is accountable for the monitor's acts of negligence.

The temporary designation of a grade school student as monitor, however, does not make the student the agent and servant of the teacher or of the defendant. There are no allegations that the teacher delegated any responsibility or disciplinary powers to the student; we assume her function was to report any misbehavior to the teacher. This argument also fails.

We hold that the trial court properly dismissed counts II and IV of the plaintiff's complaint.

■ The plaintiff contends that counts I and III state a cause of action based upon wilful and wanton conduct. The supreme court defined wilful and wanton conduct in *Schneiderman v. Interstate Transit Lines, Inc.* (1946), 394 Ill. 569, 69 N.E.2d 293:

"A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care." (394 Ill. 569, 583.)

In order to state a cause of action for wilful and wanton conduct, the plaintiff must allege facts from which the law would raise a duty and which would show that the intentional breach of the duty resulted in injury. The mere conclusory allegation of wilful and wanton conduct is not sufficient. (*Clay v. Chicago Board of Education* (1974), 22 Ill. App. 3d 437, 318 N.E.2d 153.) Because we have concluded that the monitor was not the agent and servant of the teacher, or the defendant, our only concern is whether the complaint contains facts sufficient to allege a cause of action for wilful and wanton conduct of the teacher.

The allegations in the complaint in this case are analogous to the allegations set forth in *Clay*. The complaint in *Clay* alleged that the plaintiff, an 11-year-old girl, was struck in the face by a fellow student, that the teacher was absent from the classroom when the assault took place, and that the teacher knew or should have known of the boy's propensities for such violence because he had been involved in similar occurrences with other students on several other occasions. (22 Ill. App. 3d 437, 438.) In holding that

the plaintiff did not state a cause of action for wilful and wanton negligence, the court emphasized the language of *Mancha v. Field Museum of Natural History* (1972), 5 Ill. App. 3d 699, 702, 283 N.E.2d 899, that "[a] teacher cannot be required to watch the students at all times while in school * * *."
■■ In the complaint in this case there are no facts alleging that the teacher intentionally abandoned her duty to supervise the plaintiff. In addition, we find no allegations that the teacher had knowledge of an impending danger to the plaintiff if she entered the bathroom unaccompanied by the teacher. Although the teacher may have been negligent in naming the alleged leader of the classmates as monitor, we hold that such an action did not constitute wilful and wanton conduct. We, therefore, conclude that the trial court properly dismissed counts I and III of the plaintiff's complaint.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

McNAMARA, J., concurs.

Mr. PRESIDING JUSTICE SIMON, dissenting:

I cannot accept the majority opinion because it permits the Board of Education to close its eyes to and turn its head from the problem of students preying on fellow students within school buildings after teachers have been made aware of extortion demands. An acceptable school system requires that a board of education assume responsibility for protecting students who receive such threats and report them to the school authorities. A 10-year-old student who has no choice but to be in school and can look to no one other than the Chicago Board of Education to safeguard her is entitled to no less, particularly when the student has the courage to speak up instead of succumbing to the extortion and even perhaps in self-defense joining the extortionists. Unless the Board protects its students against known extortionists, our public schools are in danger of deteriorating into a jungle. This explains why I respectfully dissent from the portion of the majority opinion holding that the allegations attributing wilful and wanton conduct to the teacher do not state a cause of action.

The allegations here are stronger than in *Clay v. Chicago Board of Education* (1974), 22 Ill. App. 3d 437, 318 N.E.2d 153. There, the victim of a fellow student with a general propensity for aggression claimed that the teacher's mere absence from the room was wanton conduct. The court, observing that "the need for closer supervision could not reasonably have been apprehended," and that a teacher cannot be expected to keep her eye on the students every second, was obviously disturbed by the "tremendous burdens" a ruling that she must do precisely that could impose. But, the

burden of protecting students while within the school building from retaliation for resisting extortion demands reported to the school authorities would not be as great.

A teacher may never achieve much control over bullies who may be in her charge, but she can refrain from delivering their victims to them gift-wrapped, as appears to have happened in this case. The teacher here consigned the plaintiff to the care of a leader of a gang of extortionists known to the teacher, through a report by the plaintiff's mother, to have threatened the plaintiff personally with physical harm unless the extortion demands of the gang were met.

The Board of Education relies for exculpation on the doctrine of *in loco parentis*. However, I do not believe a responsible parent would delegate the safeguarding of his child to an extortionist whose demands had been rebuffed. The teacher clearly did not conform to the standard of care set by the plaintiff's own mother when she notified the school authorities of the threats her daughter was receiving, apparently in the belief that they would then act to protect her child.

A jury could reasonably find that the teacher's conduct was wanton, that she recklessly abandoned her duty to safeguard the plaintiff and exhibited a wilful disregard for the plaintiff's safety by failing to recognize and prevent the forseeable and imminent danger that the extortionist would carry out her threats if presented with an opportunity to do so. An incident such as this, under the facts alleged in the complaint, occurring within the school building itself was avoidable. For these reasons, I believe that the "wilful and wanton" counts of the complaint should stand.