FIRST NATIONAL BANK OF EVERGREEN PARK, Plaintiff-Appellee, *v.* KENNETH LAMBERT, Indiv. and d/b/a MF3, Defendant-Appellant.

First District (5th Division)   No. 81—1694

Opinion filed September 10, 1982.

Gordon James Arnett, of Chicago, for appellant.

Ozinga, Lepore & Campbell, of Evergreen Park (Bernard F. Lord, of counsel), for appellee.

JUSTICE MEJDA delivered the opinion of the court:
Plaintiff instituted this action to recover an alleged overdraft balance of the defendant's sole proprietorship checking account. The court granted plaintiff's second motion for summary judgment and further denied defendant's motion to reconsider that ruling. Defendant appeals from the court's denial of his motion to reconsider. Plaintiff raises two issues on appeal: (1) whether the court can twice enter-

tain a motion for summary judgment; and (2) whether the court properly granted defendant's motion. We affirm.

On February 25, 1980, plaintiff filed a two-count complaint against defendant. Count I alleged that plaintiff is a national banking association doing general banking business in Evergreen Park. Prior to and including December 14, 1979, defendant had a sole proprietorship checking account at the bank under the name of MF3. On December 14, 1979, the Internal Revenue Service served a tax levy on plaintiff for any and all of defendant's assets. A copy of the tax levy was attached to and incorporated into the complaint. Count I further alleged that at the time of the tax levy defendant's account had a balance in excess of $4,000. The bank called defendant to notify him that his account was being debited because of the tax levy. Upon receiving this notification defendant withdrew $4,400 from the account before the plaintiff had a chance to post the debit to defendant's account. Therefore, when plaintiff subsequently posted the debit, an overdraft in the amount of $3,699.32 was created. Count II realleged the allegations of count I and further alleged that at the time defendant withdrew the $4,400 from his account he had received notice of the tax levy and knew that he would not have the funds to cover the checks. Plaintiff further alleged that defendant intended to and succeeded in deceiving plaintiff into believing that defendant had sufficient funds in his account to cover the checks and that plaintiff's teller believed and relied on the plaintiff's fraudulent representation to plaintiff's detriment in the amount of $3,699.32. The complaint demanded judgment against defendant individually and doing business as MF3 for $3,699.32, interest and costs. No answer to plaintiff's complaint has been included in the record.

On July 21, 1980, plaintiff moved for summary judgment. On August 12, 1980, Judge Joseph A. Salerno denied the motion. On August 26, 1980, Judge Salerno vacated the order denying plaintiff's motion due to possible judicial prejudice caused by his review of a "Bystander's Report" which had been improperly included in the court's file. The "Bystander's Report" was ordered quashed from the record and the case transferred to the presiding judge for reassignment. Plaintiff renewed his motion for summary judgment before Judge James L. Harris, presenting the affidavit of Kenneth A. Stam, one of its officers, a memorandum of law and certain exhibits in support of the motion.

In his affidavit Stam stated that he is the administrative assistant employed by plaintiff with responsibility over garnishments and tax levies. At 2:15 p.m. on December 14, 1979, plaintiff received a notice

of levy from the Internal Revenue Service for one "*** Kenneth R. Lambert, whose address was listed as 10217 S. Kenneth, Oak Lawn, Illinois ***." The levy directed plaintiff to turn over all of Lambert's funds in plaintiff's possession to the Internal Revenue Service. Plaintiff checked its records for any assets held in favor of "Kenneth Lambert" but found none and so notified the Internal Revenue Service. Upon receipt of the notice, the Internal Revenue Service immediately called and advised Stam that defendant had a sole proprietorship account under the name of "MF3." Plaintiff checked its records again and found $4,482.53 deposited under the name "MF3." These funds were debited from defendant's account on December 21, 1979. Stam called the phone number listed on the signature card of the "MF3" account to advise defendant of the debit. Stam informed the woman who answered of the circumstances surrounding the debit to his account. Defendant immediately came into the bank on December 21, 1979, and wrote two checks payable to "Cash" totaling $4,400 and presented them to a bank officer for approval. Because the officer knew defendant to be a customer of the bank, he approved the checks without checking the computer terminal. The plaintiff then cashed defendant's checks. Because the funds in the account were debited due to the aforesaid tax levy, an overdraft was created on defendant's account. A check for $3,699.32 was sent to the Internal Revenue Service, as that was the balance in the "MF3" account when the notice of levy was served on plaintiff. Numerous demands were made upon defendant to repay the overdrawn balance but he failed to do so.

Defendant answered Stam's affidavit and filed a counteraffidavit. Judge Harris found that defendant's answer to affidavit and counteraffidavit failed to comply with the applicable supreme court rules and granted plaintiff's motion for summary judgment. Defendant subsequently moved to have the court reconsider the summary judgment order entered. After considering the arguments of counsel and memoranda submitted in connection with defendant's motion to reconsider, the court denied the motion. Defendant appeals from the order denying his motion to reconsider.

OPINION

■■■ Defendant first contends that the trial court erred in granting summary judgment because the court cannot twice entertain a motion for summary judgment. Defendant argues that the initial denial of the motion demonstrates that a genuine issue of fact existed. Defendant's contention is without merit. In the instant case the initial order denying summary judgment was vacated. When an order is set

aside in due time, it leaves the pleadings as if no order had ever been entered. (*Talley v. Alton Box Board Co.* (1962), 37 Ill. App. 2d 137, 185 N.E.2d 349; *Mitchell v. Joseph* (7th Cir. 1941), 117 F.2d 253.) Therefore, the initial motion for summary judgment here remained pending and not determined. Furthermore, the mere denial of a motion for summary judgment is not sufficient of itself to create a triable issue in a case. (*Van Schaack v. Moody* (1971), 3 Ill. App. 3d 43, 278 N.E.2d 145.) The denial of a summary judgment motion is in the nature of an interlocutory order which may be amended or revised at any time before a final judgment. (See *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 382 N.E.2d 1217.) A party may renew his summary judgment motion even though it has been denied by another judge, and the second judge hearing the renewed motion may review and modify the first judge's interlocutory order. (See *Towns.*) Therefore, it was not error in the instant case for Judge Harris to consider and determine the motion for summary judgment.

Defendant next contends that summary judgment for plaintiff was improperly granted because material disputed facts remain as to whether defendant had knowledge of the tax levy at the time he cashed the checks, whether defendant's account had sufficient funds as of the time he cashed his checks, and whether the checks were cashed with the authority of the bank officers. The plaintiff counters that no material issues of fact remain and that summary judgment was properly entered, relying on section 4—401(1) of the Uniform Commercial Code (Ill. Rev. Stat. 1979, ch. 26, par. 4—401(1)).

Summary judgment will be granted if the pleadings, depositions, admissions, exhibits and affidavits on file reveal that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. (*Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.) To defeat a motion for summary judgment, factual issues which are disputed must be material to the essential elements of the cause of action or defense, and those which are unrelated, regardless of how sharply controverted, do not warrant denial of summary judgment if otherwise proper. *Schultz v. American National Bank & Trust Co.* (1976), 40 Ill. App. 3d 800, 352 N.E.2d 310.

■■ ■ We find no merit to defendant's contention that disputed material facts remained precluding summary judgment. There is no dispute that defendant's checks were cashed with the authority of the bank's officers as Stam's affidavit stated that a bank officer had approved defendant's checks for payment. Stam's affidavit and attached exhibits established that because of the tax levy insufficient funds

were in defendant's account to cover the checks he cashed creating an overdraft. No dispute is raised as to this fact by defendant's answer to affidavit or counteraffidavit because the trial court found they failed to comply with the applicable supreme court rules and did not consider them. On appeal defendant has not challenged that determination and it is not an issue before us. (See *Village of Crainville v. Argonaut Insurance Co.* (1980), 81 Ill. 2d 399, 410 N.E.2d 5.) Therefore any error in the court's determination of their insufficiency has been waived (87 Ill. 2d R. 341(e)(7)), and we presume that the trial court correctly struck the defendant's answer to affidavit and counteraffidavit and do not consider them in making our determination of the propriety of summary judgment here.

■ Finally, we conclude that whether or not defendant had knowledge of the tax levy at the time he cashed his checks is a fact immaterial to the central issue—whether the bank can recover the funds paid to defendant even though the payment created an overdraft in defendant's account.

Having concluded that no material issues of fact remain, we consider whether the court erred in entering summary judgment for plaintiff.

At the time plaintiff presented his checks to be cashed, his account had been debited because of the Federal tax levy (see I.R.C. secs. 6331, 6332). Plaintiff honored his two checks even though an overdraft was created. Section 4—401(1) of the Uniform Commercial Code (Ill. Rev. Stat. 1979, ch. 26, par. 4—401(1)) provides that "(1) As against its customer, a bank may charge against his account any item which is otherwise properly payable from that account even though the charge creates an overdraft." This provision as to overdrafts adopts the rule of *Thomas v. International Bank* (1892), 46 Ill. App. 461, in which the court held that a check on a bank, where the drawer keeps an account, implies a promise by the drawer to reimburse the bank honoring the overdraft. Ill. Ann. Stat., ch. 26, par. 4—401(1), Illinois Code Comment, at 527 (Smith-Hurd 1963).

■ There is nothing in the record which indicates that defendant's checks were not "otherwise properly payable" and defendant has not so contended on appeal. Defendant has only argued that as the funds had already been levied, the bank was negligent in mistakenly allowing the overdraft to be created by cashing his checks. We find no merit in defendant's argument. As it is undisputed in the case at bar that except for creating an overdraft these checks were properly payable, plaintiff is entitled to recover the amount of the overdraft created.

The judgment of the trial court denying defendant's motion to reconsider the entry of summary judgment is affirmed.

Affirmed.

SULLIVAN, P. J., and WILSON, J., concur.