LADEREK GUYTON, a Minor, by his Mother and Next Friend, Mary Guyton, Plaintiff-Appellant, v. HAZEL ROUNDY *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 84—0488

Opinion filed March 19, 1985.—Rehearing denied April 16, 1985.

Burke & Burke, Ltd., of Chicago (Dennis J. Burke, of counsel), for appellant.

DeJong, Poltrock & Giampietro, of Chicago (Wayne B. Giampietro and Mildred F. Haggerty, of counsel), for appellee Hazel Roundy.

Fraterrigo, Best & Beranek, of Chicago (Fredrick J. Fraterrigo and Gary M. Feiereisel, of counsel), for appellee Chicago Board of Education.

JUSTICE PERLIN delivered the opinion of the court:

Plaintiff appeals from an order of the circuit court of Cook County granting summary judgment to both defendants.

In June 1983, plaintiff filed his two-count third amended complaint in which he alleged: In February 1980, plaintiff was nine years old and attended Ignace Jan Paderewski elementary school. His teacher, defendant Roundy, "ordered and compelled" plaintiff to move a "large" desk from her classroom to another classroom. While moving the desk plaintiff fell, and was injured. In count I plaintiff contended that defendant, Chicago Board of Education (board), "through its agent and servant Hazel Roundy was guilty of one or more of the following acts of negligence:

"(a) Negligently and carelessly ordered the plaintiff to carry a large desk beyond his capacity or skill to handle;

(b) Negligently and carelessly failed to provide adequate supervision of the plaintiff so as not to bring harm to him and others;

(c) Negligently and carelessly operated and controlled the activities of the students in a manner which would not prevent harm to plaintiff and others;

(d) Negligently and carelessly failed to keep a proper lookout during the activities of her students so as not to prevent harm

to plaintiff and others."

Count II alleged the same facts, and contended that defendants were guilty of wilful and wanton conduct in that they:

"(a) Wilfully and wantonly ordered plaintiff to carry a large desk outside the classroom knowing that this activity could cause him injury since the desk was too large for him to carry;

(b) Wilfully and wantonly ordered plaintiff to engage in a dangerous activity, to wit, moving heavy furniture;

(c) Wilfully and wantonly ordered plaintiff to perform an activity, such as moving heavy furniture, which was beyond the scope of their duty and obligation in providing an education for plaintiff."

Roundy filed a motion for summary judgment, attaching as exhibits thereto her affidavit, the transcript of plaintiff's deposition, and two pictures of the desk involved. In her affidavit, Roundy stated that on the date in question, her own classroom had too many desks and another classroom across the hallway was in need of more desks. She requested three or four students, including plaintiff, to assist her in moving some desks to the other classroom. She asserted that the desks involved "were small student desks," and that the top of the desks measured 14 inches by 22 inches. She stood in her classroom doorway so she could observe both the classroom and the students moving the desks the "20 or 30 paces" across the hallway to the other classroom. She saw plaintiff fall. She saw nothing on the hallway floor to trip plaintiff, nor was he "shoved or pushed" by anyone else. She further contended that she had in the past requested students to move similar desks, all without incident, and that "plaintiff was having no difficulty moving the desk until he tripped and fell." Her statement that "it appeared that [plaintiff] tripped over his own feet" was subsequently stricken by the trial court as a conclusion.

In relevant part, plaintiff's deposition testimony was that he had not moved desks on previous occasions; that Roundy did not give him any instructions as to how the desk was to be moved; and although he did not think he was strong enough to move the desk, he did not so advise Roundy. He did not know what caused him to fall.

The board also filed a motion for summary judgment, contending that it could be liable only under a theory of *respondeat superior* and that because Roundy's motion for summary judgment should be granted, the board's motion should also be granted.

In response to the motions for summary judgment, plaintiff filed an unverified pleading in which he asserted that Roundy's actions were "beyond the scope of her duty and obligation in providing an

education to the plaintiff, and further there are questions of fact which preclude the granting" of defendants' motions.

The trial court granted defendants' motions for summary judgment, finding, as to count I, that teachers are not liable for ordinary negligence in matters within the teacher-student relationship; and, as to count II, that the complaint did not allege facts demonstrating wilful and wanton conduct by defendants. Plaintiff appeals.

The relevant provision of the School Code (Ill. Rev. Stat. 1981, ch. 122, par. 34—84a) provides, in pertinent part:

> "Teachers and other certified educational employees shall maintain discipline in the schools, ***. In all matters relating to the discipline in and conduct of the schools and school children, they stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians."

In *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705, our supreme court held that this statute "confer[s] upon teachers and other certified educational employees immunity from suits for negligence arising out of 'matters relating to the discipline in and conduct of the schools and the school children.' In order to impose liability against such educators, a plaintiff must prove wilful and wanton misconduct." 63 Ill. 2d 165, 173.

In *Hadley v. Witt Unit School District 66* (1984), 123 Ill. App. 3d 19, 20-21, 462 N.E.2d 877, the court stated:

> "One matter is very clear: teachers are not liable for ordinary negligence in the performance of their supervisory duties. [Citations.] The School Code confers upon a teacher the status of a parent or guardian with regard to 'all activities connected with the school program.' [Citation.] The status *in loco parentis* shields a teacher from liability in both nondisciplinary and disciplinary matters."

This immunity is based on public policy considerations. "In the interest of student-teacher harmony, litigation between them should not be encouraged—absent wilful and wanton conduct." *Thomas v. Chicago Board of Education* (1979), 77 Ill. 2d 165, 171, 395 N.E.2d 538.

Plaintiff asserts that the statutory immunity recognized in *Kobylanski* applies only to matters relating to the "discipline in and conduct of" the schools and school children, and that the activity here in issue falls outside of that protective scope. Plaintiff contends that the trial court here should not have granted summary judgment as to

count I of the complaint (alleging negligence) because moving desks should be considered to be an activity which is "outside of the student-teacher relationship" and therefore the statutory immunity does not apply. Plaintiff correctly notes that courts have found some activities to be outside of the scope of section 34—845a. For example, *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323, and *Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 412 N.E.2d 447, upheld actions for negligence against school boards for providing allegedly defective equipment to students. Conceding that these cases are not directly on point with the instant case, plaintiff argues that they indicate the "willingness" of courts to allow exceptions to the immunity recognized in *Kobylanski*. Plaintiff urges this court to find that the activity here—moving desks—should likewise be deemed to be outside of the protection provided in *Kobylanski*.

Roundy responds that the cases cited by plaintiff all relate to situations "where the student-teacher relationship was obviously not involved," while in the present case the teacher's request that a student move a small desk across a hallway is related to a teacher's responsibility to maintain an orderly classroom and consequently falls within the student-teacher relationship.

There is no single test for determining the scope of the duties encompassed by the statute; courts have stated that teachers are immune from negligence in activities which are "connected with the school program" (*O'Brien v. Township High School District 214* (1980), 83 Ill. 2d 462, 467, 415 N.E.2d 1015) and activities which involve the "teacher-student relationship in matters relating to the teacher's personal supervision and control of the conduct or physical movement of a student ***." *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 52, 373 N.E.2d 1323.

█ In our opinion, the activity here in issue, the moving of a single student's desk by a student, is not "beyond" or "totally outside the ambit of a teacher's supervisory function" and does fall within the parameters of a supervisory activity which is "connected with the school program." (*O'Brien v. Township High School District 214* (1980), 83 Ill. 2d 462, 467-68, 415 N.E.2d 1015; see also *Booker v. Chicago Board of Education* (1979), 75 Ill. App. 3d 381, 394 N.E.2d 452.) We conclude that, under these facts, defendants were immune from liability for negligent conduct. Therefore, the trial court properly entered summary judgment for defendants on count I of the complaint.

In count II, plaintiff alleged that Roundy's actions constituted wilful and wanton conduct. Plaintiff contends that the question of

whether Roundy's conduct amounted to wilful and wanton was for a jury to decide, and that therefore the trial court erred in granting summary judgment. Plaintiff also contends that there existed issues of material fact which should have defeated the motion for summary judgment, pointing to plaintiff's statement that he was having "difficulty" moving the desk, while Roundy's affidavit states she did not observe plaintiff having any difficulty in moving the desk.

Defendants respond that the court properly entered summary judgment in their favor on count II because even construing the facts in the light most favorable to plaintiff, there is no indication here of any wilful and wanton misconduct.

In *Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 429, 412 N.E.2d 447, the supreme court quoted with approval a definition of wilful and wanton conduct from an earlier decision:

> "A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness, or carelessness when it could have been discovered by ordinary care."

In order to state a cause of action for wilful and wanton conduct, the plaintiff must allege facts "from which the law would raise a duty and which would show that the intentional breach of the duty resulted in injury. The mere conclusory allegation of wilful and wanton conduct is not sufficient. [Citation.]" (*Booker v. Chicago Board of Education* (1979), 75 Ill. App. 3d 381, 385, 394 N.E.2d 452.) Summary judgment will be granted when there are no issues of material fact, and movant is entitled to judgment as a matter of law. *Plastics & Equipment Sales Co. v. DeSoto, Inc.* (1980), 91 Ill. App. 3d 1011, 415 N.E.2d 492.

■ The issue presented is whether the pleadings, depositions and affidavits "will support a finding of an issue of fact as to whether the defendant was guilty of willful and wanton conduct." (*Poynter v. Kankakee School District No. 111* (1977), 55 Ill. App. 3d 46, 48, 370 N.E.2d 667.) To defeat summary judgment, the disputed factual issue must be material to the essential elements of either the cause of action or the defense thereto. *First National Bank v. Lambert* (1982), 109 Ill. App. 3d 177, 440 N.E.2d 306.

We do not find that plaintiff has demonstrated the existence of a material issue of fact. Plaintiff did not file a counteraffidavit, but relied on plaintiff's deposition statement that he was having "diffi-

culty" moving the desk. We find unsupported conclusions are insufficient to raise a material issue of fact. See, *Anderson "Safeway" Guard Rail Corp. v. Champaign Asphalt Co.* (1971), 131 Ill. App. 2d 924, 928, 266 N.E.2d 414.

■ While the question of whether or not certain conduct amounted to wilful and wanton misconduct is normally a jury question (*Hadley v. Witt Unit School District 66* (1984), 123 Ill. App. 3d 19, 462 N.E.2d 877, reviewing courts have not hesitated to affirm a trial court's determinations that allegations in a complaint failed, as a matter of law, to allege wilful and wanton misconduct. *Booker v. Chicago Board of Education* (1979), 75 Ill. App. 3d 381, 394 N.E.2d 452; *Clay v. Chicago Board of Education* (1974), 22 Ill. App. 3d 437, 318 N.E.2d 153; *Cipolla v. Bloom Township High School District No. 206* (1979), 69 Ill. App. 3d 434, 388 N.E.2d 31.

Our courts have repeatedly held that a teacher's failure to supervise student activities during which a student was injured does not in itself constitute wilful and wanton conduct. See *Booker v. Chicago Board of Education* (1979), 75 Ill. App. 3d 381, 394 N.E.2d 452 (elementary school teacher not guilty of wilful and wanton conduct when she appointed as monitor for students' entry into a bathroom a student whom she knew had allegedly threatened plaintiff on prior occasions, and on this occasion plaintiff was assaulted in the bathroom); *Clay v. Chicago Board of Education* (1974), 22 Ill. App. 3d 437, 318 N.E.2d 153 (conduct of teacher in absenting herself from classroom during which time plaintiff was assaulted by a student who had been previously involved in similar behavior did not constitute wilful and wanton conduct); see also *Woodman v. Litchfield Community School District No. 12* (1968), 102 Ill. App. 2d 330, 242 N.E.2d 780; *Mancha v. Field Museum of Natural History* (1972), 5 Ill. App. 3d 699, 283 N.E.2d 899.

In our opinion, the conduct here complained of—Roundy's alleged failure to properly supervise plaintiff's activity—did not constitute wilful and wanton misconduct.

We conclude that the trial court did not err when it determined that plaintiff's complaint failed to allege facts which constituted wilful and wanton conduct, and granted defendant's summary judgment on count II of the complaint.

Affirmed.

STAMOS, P.J., and BILANDIC, J., concur.