DAWN HOPWOOD, by Dennis Hopwood, her Father and Next Friend, *et al.*, Plaintiffs-Appellants, v. ELMWOOD COMMUNITY HIGH SCHOOL DISTRICT 322 *et al.*, Defendants-Appellees.

Third District   No. 3—87—0435

Opinion filed June 17, 1988.

M. Michael Waters, of Smith, Waters, Kuehn, Burnett & Hughes, Ltd., of Peoria (Steven P. Glancy, of counsel), for appellants.

Jeffrey A. Ryva, of Davis & Morgan, of Peoria, for appellee Elmwood Community High School District 322.

JUSTICE WOMBACHER delivered the opinion of the court:

This is a personal injury action arising out of injuries sustained by the plaintiff, Dawn Hopwood (Dawn), while enrolled at Elmwood Community High School District 322 (Elmwood High). Dawn's father, Dennis, claims recovery for medical bills under section 15 of the Illi-

nois Marriage and Dissolution of Marriage Act (hereinafter the Act) (Ill. Rev. Stat. 1985, ch. 40, par. 1015). Plaintiffs appeal the trial court's entry of summary judgment for the defendant, Lois Silzer, a teacher at Elmwood Community High School, and dismissal of their complaint against the school district.

Dawn injured her knee on October 4, 1982, while participating in a physical education class offered by defendant Elmwood High. Defendant Lois Silzer (Silzer), the instructor, required Dawn to participate in the physical education class during which Dawn's knee collapsed.

Dawn, by her father and next friend, Dennis, alleges Silzer acted recklessly in disregarding Dawn's safety by requiring her to participate in physical education while aware of Dawn's physical limitations.

Dawn claimed she informed Silzer of her previous knee injury, in addition to her doctor's submitting a written excuse to Dawn's former physical education instructor on September 3, 1981, approximately a year earlier, which precluded her from participating in physical education activities for two weeks and thereafter allowed such activity as she was able to tolerate. Thereafter, Silzer required Dawn to provide her with a written excuse from Dawn's mother. Dawn obtained a note from her mother per Silzer's request. In addition to Silzer, Ken Mauer, the principal, claimed they did not receive the doctor's excuse. Plaintiffs also complain the defendant school district was administratively negligent due to certain administrative acts and policies. Specifically, plaintiffs charge certain nonteaching personnel failed to properly forward the doctor's notes Dawn obtained and submitted.

The trial court entered summary judgment for Lois Silzer on this issue of Silzer's willful and wanton misconduct. The trial court dismissed with prejudice the remaining counts of administrative negligence against the school district.

Plaintiffs contend the trial court erred in dismissing the administrative negligence counts against Elmwood Community School District because the acts complained of were not within the scope of the immunity, which covers only direct student-teacher relationships. In other words, plaintiffs complain the trial court improperly expanded instructor's immunity to include administrative negligence. We disagree.

■■ Statutory immunity regarding school districts is controlled by section 24—24 of the School Code (the Code) (Ill. Rev. Stat. 1985, ch. 122, par. 24—24), which provides in pertinent part:

"Teachers and other certificated educational employees shall maintain discipline in the schools, including school grounds

which are owned or leased by the board and used for school purposes and activities. In all matters relating to the discipline in and conduct of the schools and the school children, they stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians."

This section of the School Code has been deemed to confer immunity upon teachers, certificated educational employees, and school districts from suits for negligence as to any activities connected with school programs. (*Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705.) In the absence of proof of willful and wanton misconduct, teachers and certificated educational employees, and school districts are not liable for ordinary negligence. (*Kobylanski*, 63 Ill. 2d at 172-73.) Do the administrative personnel fall within the parameters of this immunity? The supreme court in *Kobylanski* held that physical education classes are within the protection of the statutory immunity created by the Code (Ill. Rev. Stat. 1985, ch. 122, par. 24—24). However, the plaintiffs do not raise this issue; rather, they question whether the administrative acts and record-keeping functions performed by administrative personnel are protected by this type of immunity.

■ Principals and superintendents are certificated personnel under section 24—24 of the Code, and their actions should be deemed immune from suit. (*Pomrehn v. Crete-Monee High School District* (1981), 101 Ill. App. 3d 331, 427 N.E.2d 1387.) The defendant points out the plaintiffs did not specify the personnel that failed to forward Dawn's medical excuses. Nevertheless, the principal and superintendent are responsible for the administration of the school. Therefore, since they are immune, their immediate inferiors should be likewise immune under the same policy. This case is very similar to the *Kobylanski* case, and we will follow the supreme court's reasoning and precedent in this situation.

*Kobylanski* involved a suit against a school district in which the plaintiff was injured while performing certain acrobatic exercises during physical education class. First, it was determined, from *Kobylanski*, the plaintiff must plead and prove the defendant was guilty of willful and wanton misconduct in order to overcome any immunity problems. Second, the relevant statute provides this *loco parentis* relationship extends to all activities connected with the school program. Do the administrative tasks and record keeping fall within this *loco*

*parentis* relationship? This is apparently a question of first impression in Illinois. The supreme court held the language of this applicable immunity statute was intended to confer the status of *loco parentis* in nondisciplinary as well as disciplinary matters. (*Kobylanski*, 63 Ill. 2d at 172.) Since record keeping and administrative details are necessary for the effective administration of a school and its programs, the personnel are protected by this immunity. *Kobylanski* involved a direct student-teacher relationship, whereas in the present case the plaintiff is attempting to sue for the negligent conduct of nonteaching personnel. We find the personnel and the tasks they perform are covered by this applicable immunity for ordinary negligence.

■ Plaintiffs next contend the trial court erred in granting summary judgment in favor of Lois Silzer, since there remains a material question of fact. We find the trial court did not err in granting summary judgment. It is this court's opinion the facts of this case do not establish a material issue regarding Silzer's willful and wanton misconduct. Dawn Hopwood was 16 years old when her injury occurred. A year prior, she was told by her physician to refrain from physical education class for two weeks following her original injury, thereafter, she was to participate as she could tolerate the stress.

The following school year, plaintiff delivered three notes to Lois Silzer from her mother which stated she was to be excused from further participation in physical education activities which would aggravate her previously injured knee. Plaintiff indicated to Silzer that certain exercises caused her pain. Silzer did not require plaintiff to perform those exercises after receiving the notes. On the day of injury, plaintiff did not relate to Silzer that the activity she was performing (hoccer) caused her pain. Her knee did not hurt prior to her injury. Plaintiff apparently played hoccer earlier and did not think it would endanger her knee.

A group of girls in this class didn't want to participate in this hoccer game because they thought it stupid, it was hot, and they were tired. Silzer threatened them with disciplinary action if they didn't play. The alleged willful and wanton misconduct by Lois Silzer was nothing more than an implied threat of group disciplinary consequences. Lois' conduct in attempting to control a group of complaining teenage girls, and to see to it that they participated in prescribed physical education activity, was not willful and wanton misconduct as a matter of law. Plaintiff went along and participated, never relaying to Silzer her knee bothered her. On October 4, 1982, Dawn Hopwood fell during this activity.

Prior to this injury, Lois, pursuant to school policy, requested

Dawn bring in a doctor's note explaining what Dawn could and could not do; however, Dawn never complied. Dawn's physician wrote one note in 1981, which was directed to Lois Silzer's predecessor, Frank Mavetz. According to Dawn, no doctor, besides her physician, recommended restricting her physical education participation. Plaintiff conceded she did not know whether Lois knew the contents of the 1981 note. Lois did not recklessly fail to discover this danger, nor did she have knowledge of any impending danger to Dawn.

Two cases of particular relevance are *Guyton v. Roundy* (1985), 132 Ill. App. 3d 573, 477 N.E.2d 1266, and *Montague v. School Board of Thornton Fractional Township North High School District 215* (1978), 57 Ill. App. 3d 828, 373 N.E.2d 719. The facts in both cases are sufficiently similar to the present case and the holdings are also consistent. In *Guyton*, the court held when a child fell while moving a desk pursuant to a teacher's request, it was not willful and wanton misconduct on the part of the teacher, even though the teacher might have known the child was having difficulty moving same. In *Montague*, a teacher was found not guilty of willful and wanton misconduct for positioning a "vaulting horse" too high considering the student's ability level. In yet another case, the court found a teacher aware a student was being physically threatened by other students. The student was threatened into giving the others money and the teacher was aware of the "ringleader," but she took no evasive or protective action. The court held that according to these facts the teacher might be guilty of negligence; however, the misconduct alleged did not rise to the level of willful and wanton misconduct. (*Booker v. Chicago Board of Education* (1979), 75 Ill. App. 3d 381, 394 N.E.2d 452.) The summary judgment issued in favor of Lois Silzer is affirmed.

■ Finally, the defendant claims on appeal the counts of negligence against the school district for the alleged negligence of its non-teaching personnel do not state causes of action. Plaintiffs claim the school district should have implemented procedures to cope with situations like the present. We agree with defendant's position.

The circuit court of Peoria County is affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.