JOHN BELL, Plaintiff-Appellant, *v.* THE VILLAGE OF MIDLOTHIAN *et al.*, Defendants-Appellees.

First District (1st Division) No. 79-2286

Opinion filed November 24, 1980.

Keith & Greenblatt, of Chicago (Michael P. Cascino and Lewis B. Greenblatt, of counsel), for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (James A. Christman and Craig M. White, of counsel), for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County granting defendant, Village of Midlothian's (hereinafter called Village) motion to dismiss plaintiff John Bell's second amended complaint against it for personal injuries. The plaintiff was a 17-year-old boy who was injured while riding a motor-powered mini-bike on a dirt mini-bike trail and jumps running across a vacant lot, which lies outside of the corporate boundaries of the Village. The order dismissing the Village left unaffected plaintiff's complaint against Joseph and Joanne Dienes, the owners of the vacant lot and residents of a home next door to the lot, the Chicago Rock Island and Pacific Railroad, the owners of a right of way running behind the lot, American Honda Company, Incorporated, the alleged manufacturer of the bike, and Midlothian Sports and Cycle Center Incorporated, which allegedly serviced the bike.

The issue presented for review is whether the circuit court erred in granting the Village's motion to dismiss the counts of plaintiff's complaint which related to the actions of the Village (counts I, II and III of plaintiff's second amended complaint).

Count I alleges that the Village encouraged the creation, existence and maintenance of a network of mini-bike trails and jumps located on public and private property over which the Village exercised police powers. It is alleged that the Village had knowledge of the dangerous condition of the trails and jumps. It is further alleged that the Village instructed and encouraged children and other persons to operate their mini-bikes on this network of trails and jumps.

Count II alleges that the Village failed to abate a nuisance and dangerous condition despite many persons complaining to the defendant

of the existence of this dangerous condition prior to the date of the accident. It is further alleged that the Village had knowledge that this network constituted a nuisance and dangerous condition and that this condition was used by children and other persons.

Count III alleges that the Village was guilty of wilful and wanton misconduct. More specifically, it is alleged that the Village knew the condition would probably result in substantial injury, yet intentionally disregarded this known danger and actively participated in and encouraged the creation, existence and maintenance of the network of trails and jumps, and instructed persons to operate their mini-bikes on this network of trails.

With regard to count I, which charges the Village with negligence, plaintiff alleges that (1) the Village actively participated in and encouraged the creation of the mini-bike trails; and (2) the Village instructed and encouraged children to operate mini-bikes on said trails. These allegations have been objected to by the Village's motion as allegations which are conclusionary in nature.

■■ It is well-settled law in Illinois that the pleader, in a complaint, must allege facts which support the allegations of the cause of action. (*Kniznik v. Quick* (1970), 130 Ill. App. 2d 273, 264 N.E.2d 707.) As stated by the court in *Altepeter v. Virgil State Bank* (1952), 345 Ill. App. 585, 592, 104 N.E.2d 334,

> "* * * It is not sufficient that the complaint allege a duty. The pleader must allege facts from which the law will raise a duty. * * * Good pleading requires that facts must be alleged from which the law will raise a duty and facts must then be alleged showing an omission of that duty and resulting injury. * * *"

Furthermore, a plaintiff who fails to allege facts in support of his theory of liability and instead alleges mere conclusions, fails to state a cause of action. (*Davis v. Thompson* (1979), 79 Ill. App. 3d 613, 399 N.E.2d 195.) In the case at bar, plaintiff's complaint simply fails to allege facts sufficient to support the conclusions that the Village actively participated in the creation of the trails and encouraged the use of such trails. For the above reasons, plaintiff's complaint was properly dismissed as to the Village's active negligence.

■■ With regard to count II, which charges the Village with failure to abate a public nuisance, plaintiff claims the Village: (1) failed to promulgate safety standards, (2) allowed a dangerous condition to exist, (3) failed to warn of a dangerous condition, and (4) failed to maintain and supervise property over which it exercised police powers. However, it is well established in Illinois that a local governmental unit has no legal duty to use its police powers to enact ordinances or to take other affirmative

action to regulate uses of property. As stated by the Illinois Supreme Court in *Huey v. Town of Cicero* (1968), 41 Ill. 2d 361, 363, 243 N.E.2d 214:

> "Independent of statutory or common-law concepts of sovereign immunity, the general rule is that a municipality or its employees is not liable for failure to supply general police or fire protection. [Citations.] This rule has been maintained in the face of decisions holding municipalities liable for affirmative negligent or wilful acts by their employees. [Citations.] Exceptions to the rule have been found only in instances where the municipality was under a special duty to a particular individual, such as protecting a material witness from threatened injury by third parties."

See also *Blackaby v. City of Lewistown* (1932), 265 Ill. App. 63.

Plaintiff has argued that the present case falls within the "special duty" exception to the general rule of nonliability of municipalities for failure to exercise general police powers.

The general requirements for the "special duty" exception are as follows: (1) the municipality must be uniquely aware of the particular danger or risk to which the plaintiff is exposed (*Huey*); (2) there must be allegations of specific acts or omissions on the part of the municipality (*Huey*); (3) the specific acts or omissions on the part of the municipal employees must be either affirmative or wilful in nature (*Keane v. City of Chicago* (1968), 98 Ill. App. 2d 460, 240 N.E.2d 321); and (4) the injury must occur while the plaintiff is under the direct and immediate control of employees or agents of the municipality (*Brooks v. Lundeen* (1977), 49 Ill. App. 3d 1, 364 N.E.2d 423).

The second amended counts of plaintiff's complaint fail to meet the requirements of the "special duty" exception. There is no allegation in what way the trail was dangerous or that the Village had any unique knowledge of the dangerousness of the dirt track on which the plaintiff was riding. The plaintiff was not under the direct and immediate control of Village employees at the time of his injury. No agent or employee of the Village is accused of having committed an affirmative or wilful act which required the plaintiff to be on the Dienes property.

■■ Plaintiff's response to the Village's claim that it had no "special" duty to exercise its police powers is that his complaint alleges the Village committed affirmative acts with regards to the mini-bike trail in question, and therefore a "special" duty arose. As in his argument that the Village was negligent, plaintiff claims there are allegations in the complaint of affirmative action of the Village. However, as previously discussed, plaintiff's allegations as to the Village's affirmative action are conclusory and were properly objected to in the Village's motion to dismiss. In this regard, plaintiff's second amended complaint fails to allege any facts

suggesting affirmative action on the part of the Village which actively involved it with the alleged dangerous mini-bike trail. For the above reasons, we hold the Village had no "special" duty to exercise its police powers with regard to the trail, or alleged nuisance.

■■ Count III of plaintiff's second amended complaint alleges the same affirmative acts of the Village as discussed above, and claims the Village's conduct was wilful and wanton misconduct. However, just as plaintiff's negligence count fails to state a cause of action, so does his wilful and wanton count. Plaintiff fails to allege facts which support the allegation of wilful and wanton misconduct. As stated by the court in *Altepeter* "The allegation that defendant failed to take sufficient precautions to safeguard the plaintiff is a conclusion of the pleader, and charging that the defendant 'negligently and carelessly' and 'wilfully and wantonly' failed to take sufficient precautions to safeguard the plaintiff are simply conclusions of the pleader." *Altepeter*, 345 Ill. App. 585, 592.

For the above and foregoing reasons, the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.