CHRISTOPHER (CHRIS) ALBERS, a Minor, by his Mother and Next Friend, Carole Albers, Plaintiff-Appellant, v. COMMUNITY CONSOLIDATED No. 204 SCHOOL *et al.*, Defendants-Appellees.

Fifth District  No. 5—86—0500

Opinion filed June 3, 1987.

Frank H. Walker, of Mt. Vernon, for appellant.

Terry R. Black and Roy L. Carnine, both of Campbell, Furnall, Moore & Jacobsen, P.C., of Mt. Vernon, for appellees.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Plaintiff, Christopher Albers, by and through his mother and next friend, Carole Albers, appeals from the judgment entered on a jury verdict in favor of the defendant school and defendant teacher, Judy Stein, on his claim for personal injuries. Plaintiff further appeals the judgment of the circuit court of Perry County in favor of the school principal on the basis of the doctrine of *res judicata*. We affirm.

On December 18, 1979, plaintiff, then a fourth grader, was in the gymnasium with the rest of his class practicing for the annual school Christmas program. After the music teacher dismissed plaintiff's class from practice, plaintiff's teacher, Judy Stein, instructed the pupils to get a drink, go to the restroom, and go back to their seats in their classroom. Ms. Stein stood in an area between her classroom and the restrooms to watch as best she could the children in both directions. While standing there, one of the students came out of the classroom to tell her plaintiff had been injured. A period of approximately 5 to 10 minutes transpired between the dismissal of the class from practice and the time of the injury. Plaintiff's mother was called to take him home.

Plaintiff testified that when he returned from the gymnasium, the boys and girls were seated on opposite sides of the classroom. A fellow classmate, David Ferguson, was standing in front of the girls. Plaintiff went over to David, and David hit him. David testified, however, that plaintiff had had a piece of aluminum foil which he had thrown at another student. The other student picked up the foil and started chasing plaintiff. Plaintiff tripped and was hit in the eye by David's pencil. Plaintiff eventually lost sight in that eye.

Plaintiff argues on appeal that the trial court erred in failing to direct a verdict in his favor or to grant him a judgment notwithstanding the verdict. Plaintiff contends the jury's verdict finding defendants not guilty of wilful and wanton misconduct in connection with his

injury is against the manifest weight of the evidence.

■ Only if all the evidence, viewed in a light most favorable to defendants, so overwhelmingly favors plaintiff that no contrary verdict could ever stand (see *Hollembaek v. Dominick's Finer Foods, Inc.* (1985), 137 Ill. App. 3d 773, 780, 484 N.E.2d 1237, 1243), or if the verdict is palpably erroneous and wholly unwarranted, clearly the result of passion or prejudice, or arbitrary, unreasonable and not based upon the evidence (see, *e.g., Steinberg v. Petta* (1985), 139 Ill. App. 3d 503, 508, 487 N.E.2d 1064, 1069), can we reverse the jury's verdict. In this instance, the evidence does not so overwhelmingly favor plaintiff, nor is the verdict palpably erroneous or unreasonable.

■ Absent proof of wilful and wanton misconduct, teachers, school officials and school districts are immune from tort liability for personal injuries sustained by students during school activities. (*E.g., Weiss v. Collinsville Community Unit School District No. 10* (1983), 119 Ill. App. 3d 68, 71, 456 N.E.2d 614, 616; *Booker v. Chicago Board of Education* (1979), 75 Ill. App. 3d 381, 384, 394 N.E.2d 452, 454.) To ensure the orderly conduct of schools and maintenance of a sound learning atmosphere, educators necessarily must be viewed as standing in the same position as do parents and guardians with regard to disciplinary and supervisory matters in the school setting. (*Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 51, 373 N.E.2d 1323, 1325; *Woodman v. Litchfield Community School District No. 12* (1968), 102 Ill. App. 2d 330, 333-34, 242 N.E.2d 780, 782. See also *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 170-72, 347 N.E.2d 705, 708-09.) If educators and school districts were subject to ordinary negligence actions for accidents occurring in the course of exercising their disciplinary and supervisory authority, student-teacher relationships would be seriously jeopardized, if not destroyed. See *Thomas v. Chicago Board of Education* (1979), 77 Ill. 2d 165, 171, 395 N.E.2d 538, 541; *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 51, 373 N.E.2d 1323, 1325.

■ Wilful and wanton misconduct is that act intentionally done or that act taken, under the circumstances known, in reckless or conscious disregard of probable injurious consequences. (See, *e.g., Landers v. School District No. 203* (1978), 66 Ill. App. 3d 78, 82, 383 N.E.2d 645, 647; *Clay v. Chicago Board of Education* (1974), 22 Ill. App. 3d 437, 439-40, 318 N.E.2d 153, 155.) To impose liability upon defendants, plaintiff must show, therefore, that when defendants acted, or failed to act, it was with knowledge that such conduct posed a high probability of serious physical harm to others. (See *Weiss v. Collinsville Community Unit School District No. 10* (1983), 119 Ill.

App. 3d 68, 71, 456 N.E.2d 614, 616-17; *Pomrehn v. Crete-Monee High School District* (1981), 101 Ill. App. 3d 331, 334-35, 427 N.E.2d 1387, 1389-90.) Plaintiff has not met that burden in this instance.

When the accident occurred, plaintiff was unsupervised in the classroom for a period of 5 to 10 minutes. He and the rest of his classmates had recently been dismissed from practicing for the Christmas program and were preparing for class to resume. Plaintiff's teacher, Ms. Stein, was standing some 15 to 20 feet outside the classroom door watching as best she could both the children in the classroom itself and those getting water and using the bathrooms. Obviously, she could not be in both places at once. Ms. Stein testified she often left the class unattended to pick up supplies or to take a sick child to the office or to do other such necessary duties and previously had found no fighting or problems in the classroom or with the children upon returning. Ms. Stein was merely following her normal course of conduct. Moreover, there was no one else available to supervise the class while she was outside the room.

■ A teacher cannot supervise each and every child at all times while in school or while engaged in a school-related activity. (*Mancha v. Field Museum of Natural History* (1972), 5 Ill. App. 3d 699, 702, 283 N.E.2d 899, 902.) The general potential for danger with groups of children is not sufficient standing alone to sustain a claim of wilful and wanton misconduct. (*Pomrehn v. Crete-Monee High School District* (1981), 101 Ill. App. 3d 331, 335, 427 N.E.2d 1387, 1390.) Assuming that plaintiff was injured as he testified, schools and teachers cannot be charged with the duty of anticipating and guarding against the wilful and wanton misconduct by other children who suddenly and apparently without provocation attack other students. (*Bernesak v. Catholic Bishop of Chicago* (1980), 87 Ill. App. 3d 681, 686, 409 N.E.2d 287, 291.) Plaintiff may argue his teacher was aware of the dangerous propensities of the boy who allegedly hit him, but the evidence reveals David's behavior was in the average to above-average range and that he had never hit or hurt plaintiff before.

We find little difference between the instant case and the situation presented in *Clay v. Chicago Board of Education* (1974), 22 Ill. App. 3d 437, 318 N.E.2d 153. There too the injured student complained that the teacher was absent from the classroom when he was hit by another student who the teacher should have known had dangerous propensities. The appellate court affirmed the dismissal of the injured student's complaint, noting the tremendous burdens that would be imposed by a different decision. (22 Ill. App. 3d 437, 441, 318 N.E.2d 153, 156. See also *Woodman v. Litchfield Community*

*School District No. 12* (1968), 102 Ill. App. 2d 330, 242 N.E.2d 780.) While plaintiff's injury is unfortunate, we too see no evidence of wilful and wanton misconduct on the part of defendants in this instance.

■■ Plaintiff also argues on appeal the trial court improperly determined that the jury verdict in favor of the school and Ms. Stein operated as *res judicata* in his claim against the principal. Without going into the specifics of the procedural history of plaintiff's claim against the principal, suffice it to say the trial court committed no error in its determination. If the principal were liable to plaintiff, it would be because he is the agent or employee of the school or because he acted through his authorized personnel, Judy Stein. Plaintiff is attempting to pursue the same cause of action against the principal that he pursued against the school and his teacher. Both were absolved by the jury of any wilful or wanton conduct in connection with plaintiff's injury. This judgment necessarily serves as a bar to any claim, predicated upon the same facts, against the principal, whether as employee or employer. (See *Bonanno v. La Salle & Bureau County R.R.* (1980), 87 Ill. App. 3d 988, 995, 409 N.E.2d 481, 486; *Fustin v. Board of Education* (1968), 101 Ill. App. 2d 113, 121, 242 N.E.2d 308, 312.) Plaintiff simply cannot avoid the effect of *res judicata* in this instance.

Plaintiff makes much of the fact that this court dismissed his first appeal as not being final because no disposition of the merits had been made in connection with the principal. This does not mean, however, that there necessarily was any merit to plaintiff's claim or that he was entitled to proceed against the principal without any defenses being asserted. The principal found such a defense which plaintiff cannot overcome.

For the aforementioned reasons, we affirm the judgment of the circuit court of Perry County in favor of the defendants Community Consolidated No. 204 School and Judy Stein and further affirm the dismissal out of the case of the then principal of Community Consolidated No. 204 School under the doctrine of *res judicata.*

Affirmed.

HARRISON and WELCH, JJ., concur.