SUSAN L. STEHL, Plaintiff-Appellant, v. BROWN'S SPORTING GOODS,
INC., *et al.*, Defendants-Appellees.

Third District   No. 3—91—0682

Opinion filed October 5, 1992.—Rehearing denied December 4, 1992.

Roger B. Gomien, of Gomien, Root & Rigazio, of Morris, and Armstrong & Surin, of Ottawa (Craig M. Armstrong, of counsel), for appellant.

Karen L. Kendall and Bradley S. McMillan, both of Heyl, Royster, Voelker & Allen, of Peoria, and Heyl, Royster, Voelker & Allen, of Rockford (Richard K. Hunsaker, of counsel), for appellees.

JUSTICE McCUSKEY delivered the opinion of the court:

Plaintiff, Susan L. Stehl, appeals (1) the trial court's grant of summary judgment in favor of defendants Brown's Sporting Goods, Inc. (Brown's), and Darien Raiter, and (2) the denial of her motion for leave to further amend her complaint.

We conclude that the defendants were entitled to judgment as a matter of law and that the trial court did not abuse its discretion in denying plaintiff's motion to amend. Accordingly, we affirm.

Plaintiff injured her right leg and knee while downhill skiing. Plaintiff's ski equipment was rented from Brown's and had been fitted by their employee, Darien Raiter. Plaintiff alleged that Raiter had improperly adjusted the bindings so they would not release when she fell while skiing.

Plaintiff's initial six counts for negligence and breach of contract were dismissed because of an exculpatory clause in the equipment rental agreement. Plaintiff then added four new counts, which alleged causes of action against Brown's and Raiter for willful and wanton conduct, and against Brown's only for consumer fraud and products liability. These are the only counts at issue in this appeal.

The trial court granted the defendants' motion for summary judgment. The court found that the defendants' conduct did not rise

to a level of willful and wanton conduct. The court also found that any misrepresentation sufficient to support a claim of consumer fraud had not been relied upon by the plaintiff. Additionally, the court found that Raiter's act of adjusting the ski bindings did not constitute an alteration, modification or change to the product. Therefore, the court disallowed plaintiff's claim for products liability. The court also found that the plaintiff had failed to present any evidence which showed a proximate cause between the defendants' conduct and the plaintiff's injury. Following entry of summary judgment for the defendants, the court denied the plaintiff's motion for leave to file three additional counts for willful and wanton breach of contract and fraud. Plaintiff appeals both orders.

■■ The plaintiff first contends that the court erred in its entry of summary judgment. To resolve this issue, we must determine whether the trial court correctly found that no genuine issues of material fact existed and whether summary judgment was correctly entered for the defendants as a matter of law. (*Zale Construction Co. v. Hoffman* (1986), 145 Ill. App. 3d 235, 241, 494 N.E.2d 830, 834.) Our review of the record includes an examination of the discovery depositions of the plaintiff and Darien Raiter.

Raiter had worked in Brown's field and stream department for three years. His training included participation in equipment demonstrations and attendance at a meeting on fitting ski equipment. He stated he was familiar with the manufacturer's specifications for ski binding settings, and that he had examined manuals and videotapes provided by Brown's regarding the sale and rental of skis.

The skis the plaintiff rented had a quick-release Look binding. Based upon the plaintiff's height and weight (5 feet 2 inches tall, 160 pounds), Raiter adjusted the setting on the binding to "four." Raiter stated that he had determined the proper binding setting based upon information provided by the plaintiff. Raiter stated that the binding setting was consistent with the manufacturer's specifications.

Plaintiff testified in her discovery deposition that she had skied on only one other occasion prior to renting the skis from Brown's. She stated she understood that the skis were to break away from the boot when pressure was applied to both the boot and ski.

She stated that while she was being fitted for the skis, Raiter told her to put pressure on her toe and lift her heel. Plaintiff testified that she physically could not cause the ski binding to release. Thereafter, Raiter twice adjusted the binding before the plaintiff's husband took her hand and pulled her until the ski binding popped

open. The plaintiff realized that she did not have enough strength in her legs to release the ski binding in the store. However, we note from the record that the plaintiff believed the ski binding would "pop" from her weight if she fell on the slopes.

Prior to the accident, the plaintiff fell about 10 times on the tow rope slope. Her skis did not release from the bindings. However, she was able to manually release the ski bindings each time by depressing the release mechanism with her pole. After three hours on the tow rope slope, she attempted to snow plow down the shortest slope. About one-third down the slope, her skis crossed and she fell. She injured her right leg and knee when her skis did not release from the bindings.

Plaintiff alleged in the willful and wanton counts of her fourth amended complaint (1) that Brown's and Raiter knowingly adjusted the bindings so that she was unable to pull the boots out of the bindings using the strength of her own muscles; and (2) that the defendants willfully and intentionally informed her that the bindings had been properly adjusted when, in fact, the defendants knew that the bindings were too tight.

Defendants argue that the alleged conduct of Darien Raiter did not rise to the level of an intentional act and, therefore, at most constituted only negligence. Defendants further argue that Raiter's conduct did not exhibit a reckless disregard for plaintiff's safety. Defendants finally argue that the plaintiff submitted no evidentiary facts in support of her claim of willful and wanton conduct.

In distinguishing willful and wanton conduct from negligence, our supreme court has determined that willful and wanton conduct is conduct that is either intentional or done with a conscious disregard or indifference for the consequences when the known safety of other persons is involved. (*Burke v. 12 Rothschild's Liquor Mart, Inc.* (1992), 148 Ill. 2d 429, 451, 593 N.E.2d 522, 532.) Our supreme court has approved the Restatement's qualitative difference between negligence and willful and wanton conduct. (*Burke*, 148 Ill. 2d at 450, 593 N.E.2d at 531.) According to section 500 of the Restatement (Second) of Torts:

" '[Willful and wanton conduct] requires a conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man. *** [T]he actor *** must recognize that his conduct involves a risk substantially greater in amount than that which is necessary to make his conduct negligent.' " *Burke*, 148 Ill. 2d at 449, 593

N.E.2d at 531, quoting Restatement (Second) of Torts §500, Comment *g*, at 590 (1965).

Raiter's discovery deposition does not disclose any predisposition which would subject the plaintiff to serious danger. Raiter's training and experience in fitting skis also argue against a conscious disregard or indifference for plaintiff's safety. Neither deposition reveals any evidence of intentional conduct. At most, plaintiff stated a cause of action for negligence. Accordingly, we conclude that the defendants' conduct did not rise above mere negligent behavior.

Plaintiff next appeals the trial court's grant of summary judgment on plaintiff's consumer fraud count. The plaintiff alleged in count IX of her fourth amended complaint that Brown's violated section 2 of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1991, ch. 121½, par. 262) (Consumer Fraud Act). The plaintiff alleged that Brown's

"held itself out to the public as having on its staff \*\*\* employees who were appropriately trained and possessed the necessary expertise to:

A. Advise potential skiers as to appropriate and proper equipment for their age, physical attributes and degree of expertise;

B. Fit and adjust rental equipment for the age, physical attributes and degree of expertise of the renter; [and]

C. Properly instruct the renter in the safe use of ski equipment[.]"

The plaintiff further alleged that Brown's misrepresented Darien Raiter "to be a person adequately trained and experienced to adjust ski equipment for rental customers and to advise on its safe use." The plaintiff additionally alleged that Raiter:

"A. [H]ad inadequate training to qualify him to adjust ski equipment for rental customer's [*sic*] safe use of such equipment; [and]

B. [W]as a person who had never skied and had no practical experience in the selection, adjustment or instruction in the safe use or to instruct renters in the safe use of ski rental equipment."

Finally, the plaintiff concluded that Brown's violated section 2 of the Consumer Fraud Act by misrepresenting "that Darien Raiter was a person appropriately trained with sufficient expertise to properly adjust skiing equipment for safe use and to instruct renters in its safe use."

■ The trial court found no evidence to support the plaintiff's claim of consumer fraud. Even assuming a misrepresentation, the trial court noted that any reliance the plaintiff may have placed upon Raiter's statements regarding the release of the ski bindings was "wholly unreasonable" given the fact that the plaintiff fell on 10 prior occasions without the bindings releasing. We agree with the trial court's analysis.

The trial court also found that the plaintiff failed to present evidence which established that any misrepresentation by the defendants had proximately caused the plaintiff's injury. A plaintiff can recover damages under the Consumer Fraud Act *only* when his injury is a direct and proximate result of an alleged violation of the Act. (*Petrauskas v. Wexenthaller Realty Management, Inc.* (1989), 186 Ill. App. 3d 820, 832, 542 N.E.2d 902, 909.) Even assuming a violation of the Consumer Fraud Act, we agree with the trial court's finding that the plaintiff had failed to show the necessary proximate causation between the defendants' alleged misrepresentation and plaintiff's accident.

Plaintiff next contends that the trial court erred in granting summary judgment in favor of Brown's on the plaintiff's products liability claim. The plaintiff alleged in count X of her fourth amended complaint that Brown's "create[d] a customized ski and binding unit for use by Plaintiff" through its practice of adjusting the individual ski bindings. Plaintiff alleged that the ski and binding unit was in an unreasonably dangerous and defective condition because the ski binding would not release during operation. Plaintiff further alleged that Brown's had failed to warn her of the unreasonably dangerous condition of the ski and binding unit. Plaintiff finally alleged that as a result of the defective condition of the ski and binding unit, her right ski failed to release when she fell, thereby causing the injury to her right leg.

■ Brown's contended in its motion for summary judgment that the ski bindings were designed by the manufacturer to be adjustable. The necessary adjustments depended upon the different physical characteristics of Brown's customers. Brown's also maintained that the ski bindings had not been materially altered by its employees after receipt from the manufacturer. The trial court granted Brown's summary judgment on count X. The trial court found that Brown's act of adjusting the ski bindings did not constitute an alteration, modification or change sufficient to allow plaintiff's claim for products liability.

We find that the trial court correctly granted summary judgment as to count X. To state an adequate cause of action for strict products liability, plaintiff must allege facts which show: (1) her injuries or damages resulted from a condition of the product; (2) the condition was an unreasonably dangerous one; and (3) the condition existed at the time it left the manufacturer's control. *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 623, 210 N.E.2d 182, 188.

We do not accept plaintiff's contention that the adjustable binding constituted an unreasonably dangerous condition sufficient to subject Brown's to strict products liability. The plaintiff has failed to present the necessary evidentiary facts sufficient to support her claim that Brown's had altered or modified the binding. We note that the binding in question was *intended* by the manufacturer to be adjusted for the physical characteristics of different users.

Plaintiff's final contention is that the trial court abused its discretion when it denied her motion to further amend the complaint. We disagree. The plaintiff sought to add additional causes of action for willful and wanton breach of contract and fraud. The plaintiff's initial complaint set forth three counts alleging negligence. The plaintiff was then allowed to amend the complaint to add counts IV through VI. After the defendants' motion to dismiss counts I through VI was granted, the plaintiff was allowed to file a further amended complaint which added counts VII and VIII. All but two allegations of willful and wanton conduct in those counts were later dismissed. Thereafter, the plaintiff was allowed a third time to amend her complaint to add count IX which alleged a violation of the Consumer Fraud.Act. Finally, the plaintiff amended her complaint a fourth and final time to add a count in products liability.

■ Whether an amendment to a pleading is granted or denied is within the sound discretion of the trial court. The trial court's decision to deny a motion to amend will not be reversed on appeal absent an abuse of discretion. (*Martin v. Yellow Cab Co.* (1990), 208 Ill. App. 3d 572, 576, 567 N.E.2d 461, 464-65.) Among the factors to be considered in deciding whether discretion was properly exercised is whether plaintiff had been afforded previous opportunities to amend the pleadings. (*B.C. v. J.C. Penney Co.* (1990), 205 Ill. App. 3d 5, 16, 562 N.E.2d 533, 540.) Further, plaintiff does not have a right to file unlimited amendments. (*Metzger v. New Century Oil & Gas Supply Corp. Income & Development Program—1982* (1992), 230 Ill. App. 3d 679, 700, 594 N.E.2d 1218, 1233 (trial court's order denying motion for leave to file fourth amended complaint affirmed).) Based upon the record in this case, we conclude

that the trial court did not abuse its discretion in denying plaintiff's motion to amend where the plaintiff had already amended her complaint on four prior occasions.

We affirm the trial court's grant of summary judgment in favor of defendants, and the court's denial of plaintiff's motion to amend.

Affirmed.

GORMAN and STOUDER, JJ., concur.