CLASSIC HOTELS, LTD., *et al.*, Plaintiffs-Appellants, v. KEVIN LEWIS *et al.*, Defendants-Appellees.

First District (4th Division)  No. 1—92—4243

Opinion filed February 24, 1994.

Robert S. Fritzshall, of Robert S. Fritzshall & Associates, and Berton N. Ring, both of Chicago, for appellants.

Edward Underhill and Susan M. Rentschler, both of Masuda, Funai, Eifert & Mitchell, of Chicago, for appellees.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

Plaintiffs, Robert Fritzshall and Classic Hotels, Ltd., appeal the trial court's order dismissing their complaint under section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615) for lack of standing. Fritzshall argues he has standing to sue in the name of the limited partnership, Classic Hotels, Ltd., because the partnership has not been terminated. He further argues he has standing to sue in his own name under a theory of subrogation

because he is a creditor to the limited partnership. We reverse in part and remand and affirm in part.

Classic Hotels, Ltd., is a limited partnership. The certificate of limited partnership was filed with the Cook County recorder's office on July 31, 1986. Classic Hotels, Ltd., originally consisted of two general partners and seven limited partners. The general partners were Classic Hotels, Inc., and Robert Fritzshall. Fritzshall was also president and sole shareholder of Classic Hotels, Inc.

In May 1986 Classic Hotels, Ltd., bought the Rodeway Inn from Peddler's Inn, Ltd., for approximately $4 million. Larry Morton and Gregory Fess are general partners of Peddler's Inn, Ltd. In addition to cash payments, the buyers gave the sellers a promissory note for $3,750,000 and agreed to make monthly payments to the sellers. The contract of sale provided "[i]f any payment is received by Seller more than thirty (30) days late, all payments heretofore made shall be considered and shall be rent. Seller may thereafter at any time retake such property and premises and Purchaser shall have no claim thereto." The buyers also agreed to contract with Equity Service Corporation to manage the hotel. Morton and Fess are officers of Equity Service Corporation.

In February 1988 Fritzshall resigned as general partner of Classic Hotels, Ltd., and as president of Classic Hotels, Inc. He transferred all issued and outstanding shares of Classic Hotels, Inc., to Kevin Lewis. Classic Hotels, Inc., was then the sole general partner of Classic Hotels, Ltd.

Soon after Fritzshall resigned, Classic Hotels, Ltd., defaulted on its monthly payments, and so, in May 1988 the sellers retook the property under the sales contract. Lewis resigned as president of Classic Hotels, Inc., in July 1988.

In January 1989 plaintiffs filed an 11 count complaint against defendants alleging claims that arose from the sale, management, and disposition of the Rodeway Inn. Count I alleged negligent misrepresentation. Count II alleged fraud and deceit. Count III alleged violation of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1987, ch. 121$^1$/2, par. 261 *et seq.*). Counts IV and V alleged breaches of management contracts. Count VI alleged Lewis' breach of fiduciary relationship. Count VII alleged violation of the Uniform Limited Partnership Act (Ill. Rev. Stat. 1985, ch. 106$^1$/2, par. 44 *et seq.*). Count VIII alleged interference with prospective economic advantage. Count IX alleged conspiracy. Count X alleged violation of the Uniform Commercial Code-Bulk Transfers (Ill. Rev. Stat. 1987, ch. 26, par. 6—101 *et seq.*), and count XI alleged fraudulent conveyance.

Defendants moved to dismiss the complaint on the grounds that Fritzshall lacked standing to sue, both individually and on behalf of the limited partnership. Defendants argued Fritzshall did not have the right to bring an action in his own name because he was not a party to any of the agreements which formed the basis of the lawsuit. They also argued Fritzshall did not have the right to bring an action on behalf of the limited partnership because he had resigned as general partner.

Plaintiffs filed an amended complaint in October 1989 and alleged the limited partners appointed Fritzshall as a liquidator to wind up the partnership's affairs under article XV of their limited partnership agreement. This authorization included the right to represent the limited partnership in a lawsuit against defendants for alleged wrongs committed against the limited partnership.

On July 8, 1991, the trial court granted defendants' motion to dismiss for lack of standing. The court stated, "Plaintiffs allege that Lewis improperly conducted the winding up, but admit nonetheless that he wound up the partnership's affairs." The court cited *In re Marriage of Malec* (1990), 205 Ill. App. 3d 273, 562 N.E.2d 1010, for the holding that a partnership is terminated upon the winding up of its affairs. The trial court ruled that the limited partnership had no legal standing to bring suit. The court also ruled that Fritzshall's individual claims failed because "Lewis owed him no fiduciary duty after dissolution." The court cited *Babray v. Carlino* (1971), 2 Ill. App. 3d 241, 251, 276 N.E.2d 435, and stated, "The alleged breach occurred nearly four months after the dissolution ***."

Plaintiffs then filed a second amended complaint. On November 19, 1992, the court dismissed it stating, "[T]he court has already determined that defendant Lewis wound up the partnership's affairs. Therefore, the partnership has no legal existence and no standing to bring suit." The court also stated that it had determined Fritzshall had no individual claim. Plaintiffs appeal this ruling by the trial court.

Plaintiffs first argue the court improperly concluded that the limited partnership was terminated. They argue the partnership's affairs have never been wound up. Defendants respond that plaintiffs allege in their complaint that Lewis effectively wound up the affairs of the partnership when he transferred its primary asset back to the sellers.

Plaintiffs allege in paragraph six of count VII, "Kevin Lewis *** did cause a sale of the total and complete principal asset of the partnership, thereby effectively dissolving and winding up the partnership affairs ***." None of the other counts incorporate the language of count VII. None of the other counts allege the partnership

was wound up. In the facts applicable to all counts, plaintiffs allege that Lewis' withdrawal as the last general partner in July 1988 created the necessity to wind up the partnership's affairs. The complaint further alleges that the limited partners appointed Fritzshall to wind up the limited partnership and to represent the limited partners in a lawsuit on behalf of the limited partners.

■ Contrary to the trial court's ruling, counts I through VI and counts VIII through XI do not admit the limited partnership was wound up. The sufficiency of each count is a separate legal question. Each count stands alone. An assertion in one count is precluded from denying the validity of an assertion in another. (*Fort v. Smith* (1980), 85 Ill. App. 3d 479, 407 N.E.2d 117.) We find the trial court erred in dismissing counts I through VI and counts VIII through XI brought by Fritzshall in the name of the limited partnership for lack of standing based on the allegation in count VII that Lewis wound up the limited partnership.

■ We next consider the sufficiency of count VII. Although plaintiffs allege the result of Lewis' acts was "effectively dissolving and winding up the partnership affairs," they do not allege the limited partnership was terminated. *In re Marriage of Malec* (1990), 205 Ill. App. 3d 273, 562 N.E.2d 1010, the case the trial court relied on in determining the partnership was terminated, involved a partnership, not a limited partnership. Under the Illinois Limited Partnership Act (Ill. Rev. Stat. 1985, ch. 106$^1$/$_2$, par. 44 *et seq.*) a certificate is required to create a limited partnership. (*Deporter-Butterworth Tours, Inc. v. Tyrrell* (1987), 151 Ill. App. 3d 949, 503 N.E.2d 378 (until certificate is filed, partnership is not formed as limited partnership).) The Act further requires "[a] certificate of limited partnership shall be cancelled upon the dissolution and the commencement of winding up of a limited partnership." (Ill. Rev. Stat. 1989, ch. 106$^1$/$_2$, par. 152—3.) Additionally, the parties' limited partnership agreement states:

> "*Certificate of Cancellation:* Upon the completion of the liquidation of the Partnership and the distribution of all Partnership Property, the Partnership shall terminate and the General Partner shall have the authority to execute and record one or more Certificates of Cancellation of the Partnership as well as any and all other documents required to effectuate the dissolution and termination of the Partnership."

■ Plaintiffs' allegation in count VII that the limited partnership's affairs were wound up does not necessarily result in a terminated partnership. Plaintiffs do not allege in the complaint that any of the conditions for termination of the limited partnership have occurred. More information is required to determine this issue. A motion to

dismiss, under section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615), attacks the sufficiency of the complaint, and a court should decide the motion only on allegations set forth in the complaint. (*Perkins v. Collete* (1989), 179 Ill. App. 3d 852, 534 N.E.2d 1312.) In reviewing plaintiffs' complaint, we accept as true all well-pleaded facts, but we need not accept conclusions or inferences which are not supported by specific factual allegations. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976.) Courts are to construe pleadings liberally to do substantial justice between the parties. *Disc Jockey Referral Network, Ltd. v. Ameritech Publishing* (1992), 230 Ill. App. 3d 908, 912, 596 N.E.2d 4.

Plaintiffs consistently refer to the limited partnership as an existing entity throughout the complaint. Plaintiffs also allege in paragraph six of count VII that Lewis "failed to satisfy the liabilities of the limited partnership." Termination of a partnership occurs when the assets are sold, the debts paid, and the accounts among members settled. A partnership no longer exists when the last right has been transferred and the last duty discharged. The basis of plaintiffs' contention is that Lewis did not discharge the last duty or pay the last debt.

The trial court made a factual determination that the limited partnership was terminated based on plaintiffs' statement that Lewis wound up the partnership's affairs. This finding was premature. It is error to determine the factual merits of a pleading instead of its legal sufficiency on a section 2—615 motion to dismiss. (*First Security Bank v. Bachleda* (1987), 165 Ill. App. 3d 725, 729, 520 N.E.2d 660.) We find the court erred when it concluded that Classic Hotels, Ltd., was terminated based solely on plaintiffs' allegation that Lewis wound up the partnership.

We reverse the court's dismissal of plaintiffs' second amended complaint brought by Fritzshall in the name of the limited partnership and remand for further proceedings.

Fritzshall next argues he has a right to bring action in his own name because he has a right of subrogation as a creditor. The record shows Fritzshall did not present this argument to the trial court. It is waived. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 324 N.E.2d 417.) We affirm the order of the court dismissing plaintiffs' complaint for those counts brought by Fritzshall individually.

Affirmed in part; reversed in part and remanded.

JOHNSON and HOFFMAN, JJ., concur.