MARIA GRANT, as Adm'r of the Estate of Jason A. Grant, Deceased, Plaintiff-Appellant, v. BOARD OF TRUSTEES OF VALLEY VIEW SCHOOL DISTRICT NO. 365-U *et al.*, Defendants-Appellees.

Third District No. 3—96—0485

Opinion filed February 14, 1997.

BRESLIN, J., dissenting.

Timothy J. Rathbun (argued) and Kelly K. James, both of McKeown, Fitzgerald, Zollner, Buck, Hutchison & Ruttle, of Joliet, for appellant.

William E. Hoversen, Jr. (argued) and Richard M. Jacobson, both of Modesto, Reynolds & McDermott, of Chicago, for appellees.

JUSTICE HOMER delivered the opinion of the court:

Plaintiff Maria Grant, as administrator of the estate of her deceased son, Jason Grant, filed a wrongful death action against the Board of Trustees of Valley View School District No. 365-U and Jean Owen, a school counselor. The trial court granted the defendants' motion to dismiss plaintiff's three-count complaint and the plaintiff appeals. We affirm.

## FACTS

According to the complaint, on October 27, 1994, Jason, a senior at Romeoville High School, told other students that he was going to kill himself. He also wrote suicide notes. Several students reported

Jason's intentions to Jean Owen, a school counselor. Owen questioned Jason but took no action other than calling his mother, Maria Grant. Owen advised Maria that she should take Jason to a hospital for drug overdose treatment, but she did not discuss Jason's suicide threats. On the way to the hospital, Jason jumped from the car. Later that day he jumped off a highway overpass and killed himself.

## ANALYSIS

In count I of her complaint, Maria alleges that defendants owed Jason a special duty to exercise reasonable care for his safety which they breached by failing to call an ambulance or other medical personnel, for failing to inform Maria of Jason's intentions, and for failing to implement a suicide prevention program. In count II, with the same factual allegations, plaintiff pleads defendants' breach of an ordinary negligence standard, and in count III, Maria alleges that defendants knew or should have known that great caution should be used in dealing with teenagers with suicidal tendencies and that their failure to take reasonable precautions or to notify Maria was intentional and constituted wilful and wanton conduct.

The defendants responded with a motion to dismiss, pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1994)), arguing that they were immune from liability and, further, that the complaint failed to state a cause of action for wilful and wanton conduct. The trial court agreed with the defendants and dismissed the complaint with prejudice.

When reviewing a trial court's order granting a motion to dismiss, a reviewing court must accept as true all well-pleaded facts. *Dennis E. v. O'Malley*, 256 Ill. App. 3d 334, 628 N.E.2d 362 (1993). On appeal from the dismissal of a complaint, this court applies the *de novo* standard of review. *Toombs v. City of Champaign*, 245 Ill. App. 3d 580, 615 N.E.2d 50 (1993).

■ The first issue is whether count I of the complaint states a cause of action for breach of a special duty. The "special duty" doctrine was established as an exception to the common law principle that municipalities are generally not liable in tort to members of the general public for failure to enforce local ordinances or for their negligent exercise of municipal authority, such as in providing police and fire protection. The special duty doctrine has been extended by Illinois courts as an exception, also, to the immunities provided under the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/1—101 *et seq.* (West 1994) (Tort Immunity Act)). See *Burdinie v. Village of Glendale Heights*, 139 Ill. 2d 501, 565 N.E.2d 654 (1990); *Leone v. City of Chicago*, 156 Ill. 2d 33, 619 N.E.2d

119 (1993). The special duty can arise when the municipality develops a relationship to a specific individual, as opposed to the public at large.

■ Because we hold below that the Tort Immunity Act is inapplicable to the allegations of the complaint, consideration of the special duty exception becomes moot. Moreover, even if the case were to be decided under the provisions of the Tort Immunity Act, the special duty theory advanced by plaintiff in count I would fail for two additional reasons. First, plaintiff has cited no Illinois case that would extend the special duty exception to schools or school employees. In addition, in order for the special duty exception to apply it must be established, *inter alia*, that the injury occurred while the plaintiff was under the direct and immediate control of employees or agents of the municipality. *Bell v. Village of Midlothian*, 90 Ill. App. 3d 967, 970, 414 N.E.2d 104, 106 (1980); *Fryman v. JMK/Skewer, Inc.*, 137 Ill. App. 3d 611, 617, 484 N.E.2d 909, 912 (1985).

The instant complaint alleges that Jason left school with his mother. At the time of his death, he was no longer under the direct and immediate control of the defendants. Therefore, the special duty *doctrine would not apply.*

■ We next address the allegation concerning the school district's duty to implement a suicide prevention program.

While section 10—22.39 of the Illinois School Code (105 ILCS 5/10—22.39 (West 1994)) empowers school boards to establish in-service training programs for teachers and specifies that such programs shall include a topic on suicide intervention, that section does not mandate exercise of that power, and the failure of a school district to develop such teacher training or to develop an adequate training program does not give rise to a cause of action against the district.

Next, in evaluating the sufficiency of count II, the ordinary negligence count, we must determine the standard of care owed by the defendants to the decedent and resolve the issue as to the nature and extent of any immunity from liability to which the defendants are entitled.

■ The Tort Immunity Act provides in relevant part as follows:

"§ 6—105. Neither a local public entity nor a public employee acting within the scope of his employment is liable for injury caused by the failure to make a physical or mental examination, or to make an adequate physical or mental examination of any person for the purpose of determining whether such person has a disease or physical or mental condition that would constitute a hazard to the health or safety of himself or others." 745 ILCS 10/ 6—105 (West 1994).

"§ 6—106. (a) Neither a local public entity nor a public employee acting within the scope of his employment is liable for injury resulting from diagnosing or failing to diagnose that a person is afflicted with mental or physical illness or addiction or from failing to prescribe for mental or physical illness or addiction." 745 ILCS 10/6—106(a) (West 1994).

These immunities are extended to school districts and school employees by the provisions of section 1—206 of the Tort Immunity Act.

■ In this case, the complaint does not seek to impose liability for the defendants' failure to examine Jason or diagnose his condition. Rather, the complaint alleges that the defendants, with knowledge of Jason's intent to commit suicide, failed to call for medical assistance, failed to inform Maria of her son's intention, and failed to implement a suicide prevention program. Therefore, the defendants are not immunized from liability by the provisions of the Tort Immunity Act.

Rather, we find that the defendants are immune from liability for ordinary negligence under the doctrine of *in loco parentis*.

Section 24—24 of the Illinois School Code extends *in loco parentis* status to teachers and other certified educational employees for matters relating to the conduct of the schools and school children. 105 ILCS 5/24—24 (West 1994). This status confers immunity from liability for negligence arising out of such matters and requires the plaintiff to prove wilful and wanton misconduct in order to recover. *Kobylanski v. Chicago Board of Education*, 63 Ill. 2d 165, 347 N.E.2d 705 (1976).

Maria argues, however, that *Kobylanski* is not controlling in that the defendant's negligent conduct was not connected with the school program. She claims that *O'Brien v. Township High School District 214*, 83 Ill. 2d 462, 415 N.E.2d 1015 (1980), supports her argument.

In *O'Brien*, the plaintiff sued the defendant school district for injuries that occurred off the school property during an activity unrelated to school. The complaint alleged that teachers of the school authorized an untrained individual to render medical care to the plaintiff. The court held that the activities were not related to the conduct of the school program and, thus, immunity did not apply.

The instant case is distinguishable from *O'Brien*. Plaintiff's complaint alleged that the defendants were negligent for failing to take action to prevent Jason's suicide based on Jason's statements and his conduct while at school during regular school activities. All of these allegations clearly related to the official conduct of the school program. Accordingly, *O'Brien* is inapposite and the trial court properly dismissed count II of Maria's complaint.

■ The final issue is whether count III of Maria's complaint states a cause of action for wilful and wanton conduct.

Wilful and wanton conduct is conduct that is either "intentional or done with a conscious disregard or indifference for the consequences when the known safety of other persons is involved." *Stehl v. Brown's Sporting Goods*, 236 Ill. App. 3d 976, 979, 603 N.E.2d 48, 50-51 (1992). The plaintiff has the burden to demonstrate that the defendant had actual or constructive knowledge that such conduct posed a high probability of serious physical harm to others. *Albers v. Community Consolidated No. 204 School*, 155 Ill. App. 3d 1083, 508 N.E.2d 1252 (1987).

The suicide death of a teenager is tragic. School counselors and other school personnel should take every suicide threat seriously and take every precaution to protect the child.

If defendant Owen had failed to take any action upon learning of Jason's statements, her inaction could constitute wilful and wanton conduct. However, the complaint admits that Owen contacted Maria and advised her to take Jason to the hospital, albeit for a drug overdose. While the nondisclosure of Jason's suicide threats, if proven, could well constitute negligence, the plaintiff has failed to allege sufficient facts that would support a finding that either Owen or any other school official acted with conscious disregard or indifference for Jason's safety or had knowledge that their conduct posed a high probability of serious physical harm to Jason.

Plaintiff counters that the very fact of nondisclosure is evidence of an intentional act or omission by defendants.

A section 2—615 motion admits all well-pleaded facts as true, but not conclusions of law or factual conclusions which are unsupported by allegations of specific facts. *Lagen v. Balcor Co.*, 274 Ill. App. 3d 11, 653 N.E.2d 968 (1995).

Furthermore, in this instance there appears to be no set of facts, on the basis of the record or representations of plaintiff's counsel, that could be proven which would entitle the plaintiff to relief. Therefore, the deficiency in the pleadings cannot be addressed by simply allowing plaintiff to amend her complaint.

Therefore, the trial court's dismissal of count III of the complaint with prejudice was appropriate.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

LYTTON, P.J., concurs.

JUSTICE BRESLIN, dissenting:

I agree that the defendants are immune from liability for negligent conduct and that Maria failed to state a cause of action for breach of a special duty. However, because I believe that the defendants' failure to alert Maria to the serious risk that her son posed to himself amounted to wilful and wanton conduct, I would hold that Maria stated a cause of action in count III of her complaint. Therefore, I respectfully dissent.

To establish liability for wilful and wanton conduct, the plaintiff must prove that the defendant had actual or constructive knowledge that the conduct posed a high probability of serious physical harm to others. See *Albers v. Community Consolidated No. 204 School*, 155 Ill. App. 3d 1083, 508 N.E.2d 1252 (1987). Wilful and wanton conduct includes a failure, after knowledge of an impending danger, to exercise ordinary care to prevent the danger. *Schneiderman v. Interstate Transit Lines, Inc.*, 394 Ill. 569, 69 N.E.2d 293 (1946).

In count III of her complaint, Maria alleged that the school counselor knew that Jason intended to kill himself and knew or should have known that great caution should be used in dealing with a suicidal teenager. We must assume that these allegations are true for purposes of a motion to dismiss. See *Classic Hotels, Ltd. v. Lewis*, 259 Ill. App. 3d 55, 630 N.E.2d 1167 (1994). Based on these allegations, a jury could find that the counselor had knowledge of an impending danger but failed to exercise ordinary care to prevent the danger. It is true that the counselor responded to Jason's suicide threats by calling his mother. However, the counselor's failure to advise Jason's mother that he might be contemplating suicide could have amounted to a failure to exercise ordinary care under the circumstances. Thus, it would be reasonable for a jury to find that the counselor acted with a conscious disregard for Jason's life by failing to take aggressive steps to prevent Jason from committing suicide or failing to place Maria on notice that she should take steps to prevent Jason from committing suicide.

Whether the counselor's conduct was wilful and wanton is a question of fact for the jury (*Glover v. City of Chicago*, 106 Ill. App. 3d 1066, 436 N.E.2d 623 (1982)), and this determination must be made on a case-by-case basis (*Pomaro v. Community Consolidated School District 21*, 278 Ill. App. 3d 266, 662 N.E.2d 438 (1995)). In my opinion, asking Maria to pick Jason up at school and advising her that he needed treatment for a drug overdose may not absolve the defendants from liability. Accordingly, I would reverse the trial court's dismissal of count III of Maria's complaint and let a jury determine if the defendants' actions amounted to wilful and wanton misconduct.