No. 3--96--0485

_________________________________________________________________

                    IN THE APPELLATE COURT OF ILLINOIS

                              THIRD DISTRICT

                                A.D., 1997

MARIA GRANT, as Administrator )    Appeal from the Circuit Court

of the Estate of JASON A.     )    for the 12th Judicial Circuit,

GRANT, Deceased,              )    Will County, Illinois    

                              )

     Plaintiff-Appellant,     )

                              )

v.                            )    No. 95--L--13572

                              )

BOARD OF TRUSTEES OF VALLEY   )

VIEW SCHOOL DISTRICT NO.      )

365-U and JEAN OWEN,          )    Honorable

                              )    Herman S. Haase

     Defendants-Appellees.    )    Judge, Presiding

_________________________________________________________________

             JUSTICE HOMER delivered the Opinion of the court:

_________________________________________________________________

     Plaintiff Maria Grant, as administrator of the estate of her

deceased son, Jason Grant, filed a wrongful death action against

the Board of Trustees of Valley View School District No. 365-U and

Jean Owen, a school counselor. The trial court granted the

defendants' motion to dismiss plaintiff's three-count complaint and

the plaintiff appeals.  We affirm.

                                   FACTS

     According to the complaint, on October 27, 1994, Jason, a

senior at Romeoville High School, told other students that he was

going to kill himself.  He also wrote suicide notes.  Several

students reported Jason's intentions to Jean Owen, a school

counselor.  Owen questioned Jason but took no action other than

calling his mother, Maria Grant.  Owen advised Maria that she

should take Jason to a hospital for drug overdose treatment, but

she did not discuss Jason's suicide threats.  On the way to the

hospital, Jason jumped from the car.  Later that day he jumped off

a highway overpass and killed himself.

                                 ANALYSIS

     In count I of her complaint, Maria alleges that defendants

owed Jason a special duty to exercise reasonable care for his

safety which they breached by failing to call an ambulance or other

medical personnel, for failing to inform Maria of Jason's

intentions, and for failing to implement a suicide prevention

program.  In count II, with the same factual allegations, plaintiff

pleads defendants' breach of an ordinary negligence standard, and

in count III, Maria alleges that defendants knew or should have

known that great caution should be used in dealing with teenagers

with suicidal tendencies and that their failure to take reasonable

precautions or to notify Maria was intentional and constituted

wilful and wanton conduct.

     The defendants responded with a motion to dismiss, pursuant to

section 2--615 of the Code of Civil Procedure (735 ILCS 5/2--615

(West 1994)), arguing that they were immune from liability and

further that the complaint failed to state a cause of action for

wilful and wanton conduct.  The trial court agreed with the

defendants and dismissed the complaint with prejudice.

     When reviewing a trial court's order granting a motion to

dismiss, a reviewing court must accept as true all well-pleaded

facts.  Dennis E. v. O'Malley, 256 Ill. App. 3d 334, 628 N.E.2d 362

(1993).  On appeal from the dismissal of a complaint, this court

applies the de novo standard of review. Toombs v. City of

Champaign, 245 Ill. App. 3d 580, 615 N.E.2d 50 (1993).

     The first issue is whether count I of the complaint states a

cause of action for breach of a special duty.  The "special duty"

doctrine was established as an exception to the common law

principle that municipalities are generally not liable in tort to

members of the general public for failure to enforce local

ordinances or for their negligent exercise of municipal authority,

such as in providing police and fire protection.  The special duty

doctrine has been extended by Illinois courts as an exception,

also, to the immunities provided under the Local Government and

Governmental Employees Tort Immunity Act, 745 ILCS 10/1--101 et.

seq. (West 1994) ( Tort Immunity Act).  See Burdinie v. Village of

Glendale Heights, 139 Ill. 2d 501, 565 N.E.2d 654 (1990), and Leone

v. City of Chicago, 156 Ill. 2d 33, 619 N.E.2d 119 (1993).  The

special duty can arise when the municipality develops a

relationship to a specific individual, as opposed to the public at

large.

     Because we hold below that the Tort Immunity Act is

inapplicable to the allegations of the complaint, consideration of

the special duty exception becomes moot.  Moreover, even if the

case were to be decided under the provisions of the Tort Immunity

Act, the special duty theory advanced by plaintiff in count I would

fail for two additional reasons.  First, plaintiff has cited no

Illinois case which would extend the special duty exception to

schools or school employees.  In addition, in order for the special

duty exception to apply it must be established, inter alia, that

the injury occurred while the plaintiff was under the direct and

immediate control of employees or agents of the municipality.  Bell

v. Village of Midlothian, 90 Ill. App. 3d 967, 970, 414 N.E.2d 104,

106 (1980); Fryman v. JMK/Skewer, Inc., 137 Ill. App. 3d 611, 617,

484 N.E.2d 909, 912 (1985).

     The instant complaint alleges that Jason left school with his

mother.  At the time of his death, he was no longer under the

direct and immediate control of the defendants.  Therefore, the

special duty doctrine would not apply.

     We next address the allegation concerning the school

district's duty to implement a suicide prevention program.  

     While section 10--22.39 of the Illinois School Code, 105 ILCS

5/10--22.39 (West 1994) empowers school boards to establish in-

service training programs for teachers and specifies that such

programs shall include a topic on suicide intervention, that

section does not mandate exercise of that power, and the failure of

a school district to develop such teacher training or to develop an

adequate training program does not give rise to a cause of action

against the district.

     Next, in evaluating the sufficiency of count II, the ordinary

negligence count, we must determine the standard of care owed by

the defendants to the decedent and resolve the issue as to the

nature and extent of any immunity from liability to which the

defendants are entitled.  

     The Tort Immunity Act provides in relevant part as follows:

    "Section 6--105.  Neither a local public entity nor a

   public employee acting within the scope of his employment is

   liable for injury caused by the failure to make a physical

   or mental examination, or to make an adequate physical or

   mental examination of any person for the purpose of

   determining whether such person has a disease or physical or

   mental condition that would constitute a hazard to the

   health or safety of himself or others."  745 ILCS 10/6--105

   (West 1994).

    "Section 6--106. (a) Neither a local public entity nor a

   public employee acting within the scope of his employment is

   liable for injury resulting from diagnosing or failing to

   diagnose that a person is afflicted with mental or physical

   illness or addiction or from failing to prescribe for mental

   or physical illness or addiction."  745 ILCS 10/6--106(a)

   (West 1994).

     These immunities are extended to school districts and school

employees by the provisions of section 1--206 of the Tort Immunity

Act.

     In this case, the complaint does not seek to impose liability

for the defendants' failure to examine Jason or diagnose his

condition.  Rather, the complaint alleges that the defendants with

knowledge of Jason's intent to commit suicide, failed to call for

medical assistance, failed to inform Maria of her son's intention,

and failed to implement a suicide prevention program.  Therefore,

the defendants are not immunized from liability by the provisions

of the Tort Immunity Act.  

     Rather, we find that the defendants are immune from liability

for ordinary negligence under the doctrine of in loco parentis.  

     Section 24--24 of the Illinois School Code extends in loco

parentis status to teachers and other certified educational

employees for matters relating to the conduct of the schools and 

school children.  105 ILCS 5/24--24 (West 1994).  This status

confers immunity from liability for negligence arising out of such

matters and requires the plaintiff to prove wilful and wanton

misconduct in order to recover.  Kobylanski v. Chicago Board of

Education, 63 Ill. 2d 165, 347 N.E.2d 705 (1976).

     Maria argues, however, that Kobylanski is not controlling in

that the defendant's negligent conduct was not connected with the

school program.  She claims that O'Brien v. Township High School

District 214, 83 Ill. 2d 462, 415 N.E.2d 1015 (1980) supports her

argument.

     In O'Brien, the plaintiff sued the defendant school district

for injuries that occurred off the school property during an

activity unrelated to school.  The complaint alleged that teachers

of the school authorized an untrained individual to render medical

care to the plaintiff.  The court held that the activities were not

related to the conduct of the school program and, thus, immunity

did not apply.

     The instant case is distinguishable from O'Brien.  Plaintiff's

complaint alleged that the defendants were negligent for failing to

take action to prevent Jason's suicide based on Jason's statements

and his conduct while at school during regular school activities. 

All of these allegations clearly related to the official conduct of

the school program.  Accordingly, O'Brien is inapposite and the

trial court properly dismissed count II of Maria's complaint.  

     The final issue is whether count III of Maria's complaint

states a cause of action for wilful and wanton conduct.

     Wilful and wanton conduct is conduct which is either

"intentional or done with a conscious disregard or indifference for

the consequences when the known safety of other persons is

involved."  Stehl v. Brown's Sporting Goods, 236 Ill. App. 3d 976,

979, 603 N.E.2d 48, 50-51 (1992).  The plaintiff has the burden to

demonstrate that the defendant had actual or constructive knowledge

that such conduct posed a high probability of serious physical harm

to others.  Albers v. Community Consolidated No. 204 School, 155

Ill. App. 3d 1083, 508 N.E.2d 1252 (1987).

     The suicide death of a teenager is tragic.  School counselors

and other school personnel should take every suicide threat

seriously and take every precaution to protect the child.  

     If defendant Owen had failed to take any action upon learning

of Jason's statements, her inaction could constitute wilful and

wanton conduct.  However, the complaint admits that Owen contacted

Maria and advised her to take Jason to the hospital, albeit for a

drug overdose. While the nondisclosure of Jason's suicide  threats,

if proven, could well constitute negligence, the plaintiff has

failed to allege sufficient facts that would support a finding that

either Owen or any other school official acted with conscious

disregard or indifference for Jason's safety or had knowledge that

their conduct posed a high probability of serious physical harm to

Jason. 

     Plaintiff counters that the very fact of nondisclosure is

evidence of an intentional act or omission by defendants.

     A section 2--615 motion admits all well-pleaded facts as true,

but not conclusions of law or factual conclusions which are

unsupported by allegations of specific facts.  Lagen v. Balcor

Company, 274 Ill. App. 3d 11, 653 N.E.2d 968 (1995).

     Furthermore, in this instance there appear to be no set of

facts, on the basis of the record or representations of plaintiff's

counsel, that could be proven which would entitle the plaintiff to

relief. Therefore, the deficiency in the pleadings cannot be

addressed by simply allowing plaintiff to amend her complaint.

     Therefore, the trial court's dismissal of count III of the

complaint with prejudice was appropriate.

     For the foregoing reasons, the judgment of the circuit court

of Will County is affirmed.

     Affirmed.

     LYTTON, P.J., concurs.

     BRESLIN, J., dissents [dissent to follow].